IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>LG ELECTRONICS INC, et al.,<br><br>   Defendants.<br>_____/ | No. C -13-01770 SI (EDL)<br><br>**ORDER**: **RE DISCOVERY DISPUTE REGARDING ADEQUACY OF "REPRESENTATIVE" CLAIM CHARTS** |

  Before the Court on referral is a dispute between Plaintiff Bluestone Innovations, LLC and Defendants LG Electronics, Inc., and LG Electronics U.S.A., Inc., (collectively "LGE") regarding Plaintiff's use of representative claim charts in its patent infringement suit about light emitting diode ("LED") technology. (Dkt. 130.) Under Local Patent Rule 3-1, a party claiming patent infringement must disclose "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c). The contentions must be sufficient to provide "reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement," and "raise a reasonable inference that all accused products" infringe. Shared Memory Graphics LLC v. Apple, Inc., 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (internal quotation marks omitted). Claim charts may, however, with adequate support, place accused products into representative categories. See, e.g., Bender v. Maxim Integrated Prods., Inc., Case No. 09-1152 SI, 2010 U.S. Dist. LEXIS 32115, at *7-*8 (N.D. Cal. 2010). The party claiming infringement "bears the burden of explaining why its claim chart is representative of all accused products." Digital Reg of Tex., LLC v. Adobe Sys., Inc., Case No. 12-1971 CW (KAW), 2013 U.S. Dist. LEXIS 23447, at *16 (N.D. Cal. Feb. 20, 2013).

  LGE argues that Plaintiff has not demonstrated why the claim charts covering only four

accused LGE products are sufficient to represent LGE's other 196 accused products. Plaintiff counters that LGE's request for additional information is untimely and that it may properly rely on representative claim charts because the four LGE products that it reverse engineered have common structural and chemical attributes with respect to infringement of the patent in suit. Plaintiff also relies on declarations that it submitted after losing a similar dispute about representative claim charts in the related case of Bluestone Innovations LLC v. Nichia Corp., 12-00059 SI (EDL) (Dkt. 339; 345). Plaintiff asserts that the cost of reverse engineering every accused LGE product would exceed $1,000,000.

Plaintiff has not met its burden of showing that its limited claim charts adequately represent all the accused LGE products. In its infringement contentions, Plaintiff merely asserts that the structures and features identified in the representative claim charts are commonly present in each of the accused products. (Dkt. 130-1 at 5.) Plaintiff does not provide any real support for this assertion, even in the face of the district court's order rejecting a similar assertion as insufficient to justify Plaintiff's use of representative claim charts in Nichia. See Case No. 12-00059 SI (Dkt. 339). Further, Plaintiff's reliance on the declarations that it submitted in response to the court order in Nichia is unavailing because those declarations addressed Nichia's accused products, not LGE's accused products. The two Defendants are not similarly situated insofar as Nichia supplies LED components, while LGE incorporates LED components from a variety of suppliers into its accused products. Finally, LGE did not delay unreasonably in raising this issue, and Plaintiff has not identified how it is prejudiced by the timing of the Joint Letter Brief.

Plaintiff has not justified its refusal to show that the limited investigation that it did with respect to only two percent of the products that it has chosen to accuse of infringement reasonably applies to the other ninety-eight percent of accused products. Its truncated approach to its disclosure obligations frustrates the purpose of requiring claim charts by not giving adequate notice to the accused infringer and failing to "crystallize [its] theories of the case early in the litigation." Atmel Corp. v. Information Storage Devices, Inc., Case No. 95-1987 FMS, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. Nov. 4, 1998). While the degree of detail required should be guided by the touchstones of reasonableness and proportionality, and will not necessarily require any further

2

reverse engineering (especially of all the accused products), Plaintiff must provide evidence to show that the charted products are actually representative. Accordingly, Plaintiff must show by expert declarations or other reliable means no later than December 4, 2013, why its claim charts are representative.

**IT IS SO ORDERED.**

Dated: November 14, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge