Christopher K. Larus, (Admitted *Pro Hac Vice*)
CKLarus@rkmc.com
Bryan J. Mechell, (Admitted *Pro Hac Vice*)
BJMechell@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue, 2800 LaSalle Plaza
Minneapolis, MN 55402-2015
Telephone:     612-349-8500
Facsimile:     612-339-4181

Wesley W. Lew, SBN: 222351
WWLew@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:     310-552-0130
Facsimile:     310-229-5800

Attorneys for Defendants
BEST BUY CO., INC., BEST BUY STORES, L.P.,
AND BESTBUY.COM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTONE INNOVATIONS, LLC. | Case No. 3:13-cv-01770-SI |
| Plaintiff(s), | **NOTICE OF MOTION AND MOTION FOR ORDER STRIKING UNCHARTED PRODUCTS FROM PLAINTIFF BLUESTONE INNOVATIONS, LLC'S INFRINGEMENT CONTENTIONS** |
| v. | |
| LG ELECTRONICS, INC. et al. | |
| Defendant(s). | Date:  TBD<br>Time:  TBD<br>Place: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

TO PLAINTIFF BLUESTONE INNOVATIONS, LLC AND ITS ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE THAT on January 7, 2014 at 9:00 a.m. or as soon thereafter

as the matter may be heard before the Honorable Elizabeth D. Laporte in San Francisco

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    Courthouse, Courtroom E – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA,

2    Defendants Best Buy Co., Inc., Best Buy Stores, L.P. and BestBuy.com, LLC (collectively

3    "Best Buy") will and hereby do move the Court pursuant to Fed. R. Civ. P. 37 and Patent L.R.

4    3-1 for a finding that Plaintiff Bluestone Innovations, LLC ("Bluestone") failed to provide an

5    adequate explanation for its use of representative products, and to issue an order striking

6    uncharted products from Bluestones' infringement contentions.

7         This motion is based on this Notice of Motion and Motion, the Memorandum of Points

8    and Authorities in support thereof, the Declaration of Bryan J. Mechell, the Proposed Order

9    filed concurrently herewith, the pleadings, papers, files, and records in this action, and on such

10   oral and documentary evidence and argument as may be presented at the hearing on this motion.

11

12   Dated: November 27, 2013.              **ROBINS, KAPLAN, MILLER & CIRESI**
                                            **L.L.P.**

13

14                                          By:  */s/ Bryan J. Mechell*
                                            Wesley W. Lew, SBN: 222351
15                                          WWLew@rkmc.com
                                            **ROBINS, KAPLAN, MILLER & CIRESI**
16                                          **L.L.P.**
                                            2049 Century Park East
17                                          Suite 3400
                                            Los Angeles, CA  90067-3208
18                                          Telephone:     310-552-0130
                                            Facsimile:     310-229-5800
19

20                                          Christopher K. Larus, (Admitted *Pro Hac Vice*)
                                            CKLarus@rkmc.com
21                                          Bryan J. Mechell, (Admitted *Pro Hac Vice*)
                                            BJMechell@rkmc.com
22                                          **ROBINS, KAPLAN, MILLER & CIRESI**
                                            **L.L.P.**
23                                          800 LaSalle Avenue
24                                          2800 LaSalle Plaza
                                            Minneapolis, MN 55402-2015
25                                          Telephone:     612-349-8500
                                            Facsimile:     612-339-4181
26

27                                          Attorneys for Defendants
                                            BEST BUY CO., INC., BEST BUY STORES,
28                                          L.P., AND BESTBUY.COM, LLC

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**REQUESTED RELIEF**

Best Buy respectfully requests that the Court find that Bluestone failed to provide an adequate explanation for its use of four representative products, and issue an order striking 42 uncharted products from Bluestone's Patent L.R. 3-1 infringement contentions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This dispute concerns the attempt by Bluestone to satisfy its obligations under Patent L.R. 3-1 by use of "representative" claim charts.   Best Buy objects to Bluestone's improper reliance on such "representative" claim charts.  A copy of Bluestone's July 26, 2013 Patent L.R. 3-1 Infringement Contentions as to Best Buy are attached to the Declaration of Bryan J. Mechell ("Mechell Decl.") as Exhibit A.

This dispute mirrors similar disputes already before this Court in connection with Bluestone's parallel litigation against Nichia Corporation and LGE.  *See Bluestone Innovations LLC v. Nichia Corp., et al.*, Case No. 3:12-cv-59 (N.D. Cal. Sept. 25, 2013) (hereinafter "the related Nichia matter") at Dkt. 339 (hereinafter "Nichia order"), October 25, 2013 Letter from LGE to the Court (Dkt. No. 130), and November 15, 2013 Order Re Discovery Dispute Regarding Adequacy of "Representative Claim Charts." (Dkt. No. 140).  Specifically, the parties dispute whether Bluestone has provided sufficient explanation for why its four "representative" claim charts represent the remaining 42 uncharted accused Best Buy products. As detailed in the Mechell Decl., the parties have met and conferred, but have been unable resolve this dispute. Ultimately, however, Best Buy believes that the Court's pending rulings in these parallel matters should resolve this dispute.

**II.**

**STATEMENT OF FACTS**

Bluestone served Patent L.R. 3-1 disclosures of asserted claims and infringement contentions on Best Buy on July 26, 2013, identifying 46 products but only charting four

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   "representative" products. On August 16, 2013, Best Buy requested a meet and confer with

2   Bluestone on this issue. On August 20, 2013, Best Buy and Bluestone, joined by other defendants

3   in the above-named matter, held a meet and confer regarding Bluestone's use of representative

4   claim charts (Issue 1) and the sufficiency of Bluestone's contentions with respect to the last claim

5   element of Claims 1 and 23 (Issue 2). On August 27, 2013, Bluestone indicated it would not

6   provide its basis for its use of representative claim charts. Between August 23, 2013 and

7   September 5, 2013, defendants and Bluestone continued to meet and confer on both Issues 1 and

8   2 by exchanging numerous emails and conferring telephonically. Best Buy understands that

9   Bluestone continued numerous meet and confers on this issue with LGE throughout September

10  and early October. (LGE Meet and Confer Timeline, Dkt. No. 130 at 3).

11       On September 25, 2013, the Court ordered Bluestone to show why its claim charts were

12  representative in the related Nichia matter:

13       The Court finds that Bluestone has failed to show how the seven claim charts are
         representative of the Accused Instrumentalities as a whole. In its infringement
14       contentions, it merely states its belief that these products are infringing, without
         providing any support for its belief: "The structures and features identified in
15       these claims are believed to be commonly present in each of the Accused
         Instrumentalities identified in Appendix A. . . . . Bluestone believes that Nichia
16       has information in its possession, custody or control that will confirm Bluestone's
         contentions regarding the structural similarities among the Accused
17       Instrumentalities that have been identified." Docket No 334, Ex. 1 at 5 (emphasis
         added). While the Court is sensitive to Bluestone's concerns about the expense of
18       reverse engineering over 100 products, it must provide more evidence to show
         that these products are representative. The Court does not find that it has met this
19       burden.

20
21  (Case No. 3:12-cv-00059, Dkt. No. 339 at 2).

22       On October 4, 2013, Best Buy contacted Bluestone asking whether Bluestone intended to

23  comply with the Court's Order in the related Nichia case as to Best Buy, and noting that LG

24  Electronics had also requested that Bluestone do the same. On October 7, 2013, Bluestone

25  notified Best Buy that it would not do so. On October 11, 2013, Best Buy notified Bluestone that

26  it intended to seek the same relief as both Nichia and LGE as to Issue 1, and requested that

27  Bluestone comply with Issue 2 (as it had with LGE and Nichia). Bluestone responded 12 days

28

- 4 -

1   later on October 23, 2013 that it would stipulate as to Issue 2.[1] On October 28, 2013, Best Buy

2   provided Bluestone with a draft joint discovery dispute letter. On November 11, 2013, Bluestone

3   provided its portion of the letter to Best Buy. In the interim, the above-named matter was referred

4   to Magistrate Judge Elizabeth D. Laporte for resolution of discovery disputes, including the

5   pending Nichia and LGE discovery disputes regarding the sufficiency of Bluestone's

6   "representative" claim charts. (Dkt. No. 131). Accordingly, Best Buy redrafted the joint discovery

7   dispute letter for this submission per the recently entered Order Regarding Discovery Procedures.

8   (Dkt. No. 133).

9         On November 15, 2013, the Court ordered that Bluestone to show "by expert declarations

10  or other reliable means . . . why its claim charts are representative" in Bluestone's parallel dispute

11  with LGE on this same issue. (Dkt. No. 140 at 3). Best Buy and Bluestone met and conferred in

12  the attempt to avoid motion practice, but were unable to reach agreement.

**III.**

**ARGUMENT**

**A.      Bluestone Fails to Provide a Sufficient Basis for Its Claim That Four**
**"Representative Samples" Are Representative of All 46 Accused Best Buy**
**Products**

18        Under Patent L.R. 3-1, Bluestone must disclose separately, for <u>each</u> asserted claim and

19  <u>each</u> Accused Instrument, a "chart identifying specifically where each limitation of each asserted

20  claim is found within each Accused Instrumentality." Patent L.R. 3-1(c). The identification "shall

21  be as specific as possible." *Id*. "The overriding principle of the Patent Local Rules is that they are

22  designed [to] make the parties more efficient, to streamline the litigation process, and to articulate

23  with specificity the claims and theory of plaintiff's infringement claims." *Bender v. Maxim*

24  *Integrated Prods., Inc.*, No. 09-01152, 2010 WL 1135762 at *2 (N.D. Cal. Mar. 22, 2010)

25  (Illston, J.) (quoting *Intertrust Techs. Corp. v. Microsoft Corp.*, No. 01-1640, 2003 WL

---

[1] As to Issue 2, Bluestone agreed to supplement its infringement contentions with further graphical and textual explanation of specific claim elements, but did not provide additional detail regarding "representative" claim charts (Dkt. No. 134). Best Buy expressly reserved its rights to challenge the sufficiency of Bluestone's use of "representative" claim charts.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   23120174, at *6 (N.D. Cal. Nov. 26, 2003)).

2          The contentions must be sufficient to provide "reasonable notice to the defendant why the

3   plaintiffs believes it has a reasonable chance of proving infringement," and "raise a reasonable

4   inference that all accused products" infringe. *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F.

5   Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quotations omitted). Furthermore, representative claim

6   charts, absent any explanation and support as to why those charts are representative, fail to meet

7   the requirements of Patent L.R. 3-1. *See, e.g. Bender*, at *2-3; *Digital Reg of Texas, LLC v. Adobe*

8   *Sys. Inc.*, No. 12-019171, 2013 WL 633406, at *4-5 (N.D. Cal. Feb. 20, 2013) ("[The patent

9   holder] bears the burden of explaining why its claim chart is representative of all accused

10  products.").

11         Here, Bluestone has failed to demonstrate that the four accused Best Buy products it chose

12  to test and chart are "representative" of the 42 other accused products for which Bluestone has

13  failed to produce *any* information. *See Bender*, 2010 WL 1135762 at *3. Bluestone merely states

14  that it "believes that Defendants have information in their possession, custody or control that will

15  confirm Bluestone's contentions regarding the structural similarities among Defendants'

16  respective Accused Instrumentalities." (Mechell Decl., Exhibit A at 5). This is insufficient.

17  *Theranos, Inc. v. Fuisz Pharma LLC*, No. 12-03323, 2012 WL 6000798, at *6 (N.D. Cal. Nov.

18  30, 2012). Bluestone's attempt at shifting the burden onto Defendants to identify the structural

19  similarities (or differences) amongst the Accused Instrumentalities is improper. Indeed, this

20  District has consistently rejected such an approach. *See Bender*, at *2 (noting that the Court "will

21  not order defendant to produce proprietary schematics for over 200 products based on an

22  assumption."); *Theranos*, at *6 ("By arguing that [Defendant's] information is not publicly-

23  available and by offering to amend the Contentions only after discovery has occurred, [Plaintiff]

24  is attempting to ignore their obligations and shift the burden to [Defendant]. Such a tactic is

25  improper.") This District's local patent rules squarely place the burden of demonstrating

26  infringement by each accused product on Bluestone—not accused infringers.

27         Bluestone appears to contend that its reverse engineering of four "representative samples"

28  demonstrates similar characteristics among the four tested products.   Even if true, this assertion

- 6 -

1  falls far short of demonstrating that these four tested television products are representative of all

2  other 42 accused Best Buy television products. Bluestone accuses 46 total Best Buy television

3  products that span different brands, different manufacturers, different component suppliers, and

4  production years, but Bluestone has provided no evidence or other  basis to "show that the charted

5  products are actually representative" (Dkt. No. 140 at 3) or to "show how the [four] claim charts

6  are representative of the Accused Instrumentalities as a whole." (Nichia Order at 2).

7         The Court has already ordered Bluestone to provide support for its belief that its

8  representative claim charts are representative of the uncharted products in the parallel LGE

9  dispute and the related Nichia matter. Given this Court's clear Orders in the related LGE and

10  Nichia matters, Best Buy had hoped it would not be necessary to seek judicial intervention in this

11  case as well. Rather, Best Buy simply requested that Bluestone provide the same information

12  ordered by this Court in the parallel LGE dispute and in the related Nichia matter. To date,

13  Bluestone has not provided this information to Best Buy. Similar to LGE and Nichia, Best Buy

14  asserts that the present evidence that Bluestone presents does not meet the standards of the Patent

15  Local Rules. Accordingly, Best Buy requests that this Court strike Bluestone's uncharted accused

16  products.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE OF MOTION AND MOTION FOR ORDER STRIKING UNCHARTED PRODUCTS
FROM BLUESTONE'S INFRINGEMENT CONTENTIONS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

## IV.

2

## CONCLUSION

3      For the foregoing reasons, Best Buy respectfully requests that the Court grant its motion

4 and strike uncharted accused products from Bluestone's infringement contentions.

5 Dated: November 27, 2013.                    **ROBINS, KAPLAN, MILLER & CIRESI**
                                                **L.L.P.**
6

7                                               By: */s/ Bryan J. Mechell*
                                                Wesley W. Lew, SBN: 222351
8                                               WWLew@rkmc.com
                                                **ROBINS, KAPLAN, MILLER & CIRESI**
9                                               **L.L.P.**
                                                2049 Century Park East
10                                              Suite 3400
                                                Los Angeles, CA  90067-3208
11                                              Telephone:     310-552-0130
                                                Facsimile:     310-229-5800
12

13                                              Christopher K. Larus, (Admitted *Pro Hac Vice*)
                                                CKLarus@rkmc.com
14                                              Bryan J. Mechell, (Admitted *Pro Hac Vice*)
                                                BJMechell@rkmc.com
15                                              **ROBINS, KAPLAN, MILLER & CIRESI**
                                                **L.L.P.**
16                                              800 LaSalle Avenue
17                                              2800 LaSalle Plaza
                                                Minneapolis, MN 55402-2015
18                                              Telephone:     612-349-8500
                                                Facsimile:     612-339-4181
19

20                                              Attorneys for Defendants
                                                BEST BUY CO., INC., BEST BUY STORES,
21                                              L.P., AND BESTBUY.COM, LLC

22

23

24

25

26

27

28

- 8 -