IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LG ELECTRONICS INC, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C -13-01770 SI (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART LGE's MOTION TO COMPEL AND GRANTING LGE'S MOTION TO SEAL** |

　　　　Defendants LG Electronics, Inc., and LG Electronics USA, Inc., (collectively, "LGE") , moved for an order compelling Plaintiff Bluestone Innovations, LLC and certain of its members to produce documents responsive to LGE's document requests and subpoenas. For the reasons set forth below, and in accord with Plaintiff's agreement at the hearing, the Court orders Plaintiff to produce documents responsive to Requests for Production ("RFPs") 4, 5, 8 and 10, with respect to Jonathan Crocker's representation of LG Electronics, Inc., and LG Electronics USA, Inc., by December 24, 2013. The Court also orders Jonathan Crocker to produce documents responsive to LGE's subpoena with respect to his representation of LG Electronics, Inc. and LG Electronics USA, Inc., by December 24, 2013. LGE's motion is in all other respects denied without prejudice.

　　　　The Court grants LGE's motion to seal. (Dkt. 142.) The Court finds good cause to seal Exhibits C, D, and E to the Declaration of Ashish Nagdev in support of LGE's reply brief and to redact LGE's reply brief at page 4, lines 5 through 10.

**I.　Background**

　　　　Plaintiff Bluestone is a Virginia limited liability company and the assignee of U.S. Patent No. 6,163,557, which relates to light emitting diode ("LED") technology. (Complaint ("Compl.") ¶¶ 1, 7.) According to LGE, Plaintiff was founded by patent attorney Jon Park, and its current

president is attorney Jonathan Crocker. At the hearing, Plaintiff's counsel represented that Crocker recently left Bluestone, but Plaintiff's counsel continues to represent him.

Defendant LGE Electronics, Inc. is a South Korean corporation with a principal place of business in Seoul. Defendant LG Electronics U.S.A., Inc. is a Delaware corporation with a principal place of business in New Jersey and is a subsidiary of LG Electronics, Inc. LG Display, which is not a party to this litigation, supplies LGE with LED back panels that incorporate the allegedly infringing semiconductor. LG Innotek, also not a party, supplies the semiconductor to LG Display. LG Innotek developed and manufactured the allegedly infringing semiconductors using technology supplied by QMC, similarly not a party. LG Innotek and QMC are South Korean corporations. LGE acknowledges that these suppliers are separate entities and does not claim any kind of party affiliation.

Prior to Plaintiff's founding, Jonathan Crocker represented LGE and LG Display in patent and trademark cases in multiple federal courts. Crocker also represented LG Innotek as its United States outside counsel with respect to accusations that LG Innotek's LED semiconductor components infringed certain patents not at issue in this case. Plaintiff's founder, Jon Park, was counsel for QMC when it supplied technology to LG Innotek that was used to develop and manufacture allegedly infringing components incorporated into LGE's televisions. Park, as QMC counsel, also served as indemnitor counsel for LG Innotek with respect to accusations of patent infringement. At the hearing on its motion to compel, LGE's counsel represented that Park was co-inventor on a patent that was assigned to both LGE and LG Innotek.

On September 11, 2012, Plaintiff sued LGE for infringing the '557 patent by selling LED backlit televisions. LGE answered and raised affirmative defenses of failure to state a claim, noninfringement, invalidity, prosecution history estoppel, equitable doctrines of estoppel, laches and/or waiver, failure to mark, lack of standing, implied or express license, and patent exhaustion. On July 26, 2013, LGE served document requests on Bluestone relating to "LGE's inquiry into whether certain Bluestone members violated California Rules of Professional Conduct by previously acting as attorneys for LGE, LG Display, and LG Innotek and now bringing this suit." (LGE's Mot. at 3, Ex. A.) On August 26, 2013, Bluestone objected to these requests, particularly RFPs 4, 5, 8,

and 10, on several grounds, including relevancy. On September 23, 2013, LGE served subpoenas from the District Court for the Eastern District of Virginia on Jonathan Crocker, Jon Park, Bruce Bernstein, and Brendan Squire. The subpoenas were aimed at obtaining information about the members' prior involvement with LGE, LG Display, and LG Innotek. On October 9, 2013, the subpoenaed members objected to the subpoenas on relevancy.

After meeting and conferring regarding the discovery requests and subpoenas, Plaintiff, its members, and LGE agreed to bring the relevancy objections to this Court. On November 6, 2013, LGE moved to compel Plaintiff and its members to produce documents responsive to LGE's document requests and third-party subpoenas. (Dkt. 135.) In conjunction with its reply brief, LGE filed a motion to file a redacted version of its reply brief and file Exhibits C, D, and E, under seal. The Court held a hearing on the motion to compel on December 3, 2013.

## II. Discussion

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Further, upon a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

"Discovery of information that has no conceivable bearing on the case should not, however, be allowed." Id. Courts need not allow "fishing expeditions," Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004), and the liberal discovery standard is not so liberal as to allow a party explore matter which "does not presently appear germane on the theory that it might conceivably become so." Food Lion v. United Food & Commr. Workers Int'l Union, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997) (quoting In re Fontaine, 402 F. Supp. 1219, 1221 (E.D.N.Y. 1975)). The party moving to compel bears the burden of demonstrating why the information sought is relevant and

3

why the responding party's objections lack merit. Fields v. Banuelos, Case No. 9-1868 SKO PC, 2012 U.S. Dist. LEXIS 97701, at *4-*5 (E.D. Cal. July 13, 2012).

B.  Analysis

LGE argues that discovery of Plaintiff's members' representation of LGE, LGE Display, and LGE Innotek, including use in this litigation of any confidential information obtained in the course of that prior representation, is relevant to a potential motion raising ethical violations, such as a possible motion for disqualification. Plaintiff counters that such discovery is not relevant to any claim or defense and that LGE lacks standing to raise issues about any ethical violations related to Plaintiff's members' involvement with LG Display and LG Innotek.

LGE has not shown how Crocker's or Park's involvement with LG Innotek or QMC has any bearing on any claim or defense in this case, nor has LGE explained how any potential ethical violations vis-a-vis third parties could serve as a basis for a motion to disqualify Plaintiff's separate outside counsel. To the extent that Crocker or Park learned confidential information about LG Innotek technology, any subsequent misuse of that information would be LG Innotek's concern. LGE's reliance on Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 818 (N.D. Cal. 2004) is unpersuasive. There, the court found that a plaintiff had standing to move to disqualify the defendant's counsel because counsel previously represented the plaintiff's former managing partner and major shareholder. Id. at 819. Here, however, the relationship is far more attenuated; LGE has not shown that by representing LG Innotek or LG Display or QMC that Crocker or Park was somehow representing LGE. Nor is there a showing of good cause to allow discovery relevant to the subject matter of this action, as LGE only speculates that Crocker and Park may have violated their ethical obligations to third parties, without pointing to any evidence suggesting misuse of any confidential information obtained in representing those third parties, much less misuse of such information in this lawsuit. The Court therefore denies LGE's motion to compel with respect to Plaintiff's members representation of or other involvement with LG Display and LG Innotek, and denies the motion to compel with respect to Plaintiff's members' Park, Bernstein, and Squire.

At the same time, the Court is troubled by the notion of an attorney defending a client against patent infringement allegations and then turning around and forming an entity that sues his former

4

client for infringing a patent involving technology that the attorney is familiar with from that defense. Further, it is undisputed that Crocker represented LGE in several other cases, making LGE's concerns about the knowledge he obtained and his potential ethical issues less attenuated than its concerns regarding third parties. In light of this concern, at the hearing Plaintiff's counsel, who also represents Crocker, agreed that Plaintiff and Crocker would provide discovery into Crocker's representation of LGE. The Court therefore orders Plaintiff to produce documents responsive to RFPs 4, 5, 8 and 10, with respect to Jonathan Crocker's representation of LG Electronics, Inc., and LG Electronics USA, Inc., by December 24, 2013. The Court also orders Jonathan Crocker to produce documents responsive to LGE's subpoena with respect to his representation of LG Electronics, Inc. and LG Electronics USA, Inc., by December 24, 2013.

### III. Conclusion

The Court grants in part and denies in part LGE's motion to compel.

**IT IS SO ORDERED.**

Dated: 12/4/13

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge