**United States District Court**<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LG ELECTRONICS INC, et al.,<br><br>    Defendants. | No. C -13-01770 SI (EDL)<br><br>**ORDER REGARDING BEST BUY'S MOTION TO STRIKE** |

Defendants Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com LLC's (collectively, "Best Buy's") filed a Motion for Order Striking Uncharted Products from Plaintiff Bluestone Innovations, LLC's Infringement Contentions. (Dkt. 145.)  This motion is the most recent of three filed by different Defendants regarding Plaintiff's use of representative products in satisfying its obligations under Local Patent Rule 3-1.  On September 25, 2013, the District Court ordered Plaintiff to show why its claim charts are representative of defendant Nichia's accused products. (Dkt. 339, Case No. 12-00059 SI (EDL).)  On November 15, 2013, this Court similarly ordered Plaintiff to provide evidence to show that the charted products are representative of defendant LGE's accused products.  (Dkt. 140, Case No. 13-1770 SI (EDL).)  Best Buy now argues that Plaintiff's explanation for charting only four out of forty-six Best Buy accused products is inadequate.  The Court held a hearing on this matter on January 7, 2014.

"'The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims.'"  <u>Bender v. Maxim Integrated Prods., Inc.</u>, Case No. 09-1152 SI, 2010 U.S. Dist. LEXIS 32115, at *3-*4 (N.D. Cal. Mar. 22, 2010) (quoting

1  Intertrust Techs. Corp. v. Microsoft Corp., Case No. 01-1640, 2003 U.S. Dist. LEXIS 22736, at *6
2  (N.D. Cal. Nov. 26, 2003)).  Under Local Patent Rule 3-1, a party claiming patent infringement must
3  disclose "[a] chart identifying specifically where each limitation of each asserted claim is found
4  within each Accused Instrumentality."  Patent L.R. 3-1(c).  The contentions must be sufficient to
5  provide "reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of
6  proving infringement," and "raise a reasonable inference that all accused products" infringe.  Shared
7  Memory Graphics LLC v. Apple, Inc., 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (internal
8  quotation marks omitted).

9    Although it is Plaintiff's burden to prove infringement and comply with the local patent
10 rules, those rules, as well as Federal Rule of Civil Procedure 1, are meant to achieve both efficiency
11 and fairness.  With adequate support, claim charts may place accused products into representative
12 categories, see, e.g., Bender, 2010 U.S. Dist. LEXIS 32115 at *7-*8, provided that they provide
13 reasonable notice of the patentee's theories of infringement.  ASUS Computer Int'l v. Round Rock
14 Research, LLC, Case No. 12-2099 JST, 2013 U.S. Dist. LEXIS 145824, at *8 (N.D. Cal. Oct. 8,
15 2013) (collecting cases).  "The existence of product differences does not necessarily affect the
16 question of whether a product is representative of others;" rather, "[t]he differences must be relevant
17 to the infringement contentions."  Infineon Techs. AG v. Volterra Semiconductor, Case No. 11-6239
18 MMC (DMR), 2013 U.S. Dist. LEXIS 109165, at *17 (N.D. Cal. July 31, 2013). The party claiming
19 infringement "bears the burden of explaining why its claim chart is representative of all accused
20 products." Digital Reg of Tex., LLC v. Adobe Sys., Inc., Case No.12-1971 CW (KAW), 2013 U.S.
21 Dist. LEXIS 23447, at *16 (N.D. Cal. Feb. 20, 2013).

22   Plaintiff has not met its burden of showing that the four Best Buy products that it charted
23 adequately represent the other forty-two products it accused of infringement.  Although Plaintiff's
24 expert opines that the differences between the accused products are not relevant to infringement, he
25 nevertheless states merely that the "basic" structure of the LEDs used in the each of the charted
26 products and the arrangement of the mesas in each of the charted products  is "virtually" the same.
27 Similarly, Plaintiff's opposition contends only that "the majority of the differences across the forty-
28 six Best Buy accused products" relate to matters irrelevant to infringement, implicitly conceding that

2

1  some of the differences may be relevant. Further, as Plaintiff's expert acknowledges, the "mesas" in
2  the four charted products do not all share the same shape, either in cross section or in three
3  dimensions. As the parties' joint claim construction statement makes clear, the shape of a product's
4  "mesas" may be critical to infringement. (Dkt. 156.) Best Buy points out that Plaintiff has not
5  identified which of the "mesas" in the charted products are present in which uncharted products.[1]

6  Plaintiff stated at the hearing that it is willing to reverse engineer additional Best Buy
7  products and revise its claim charts accordingly. In light of the Court's guidance at the hearing,
8  Plaintiff and Best Buy subsequently stipulated that Plaintiff would reverse engineer five additional
9  Best Buy accused products and that Plaintiff would produce claim charts for these products no later
10 than March 14, 2014, and the Court so ordered. Accordingly, the Court denies Best Buy's motion to
11 strike without prejudice. If, after meeting and conferring with Plaintiff, Best Buy believes in good
12 faith that Plaintiff's use of representative products is still improper, it may promptly raise the issue
13 via a joint letter brief.

14 In addition to addressing Best Buy's motion to strike at the hearing, the Court asked the
15 parties for a status update. Plaintiff, having previously stated that it would reverse engineer
16 additional LGE accused products, represented that it could produce claim charts for six additional
17 products within a few days. Consequently, the Court ordered Plaintiff to provide LGE with claim
18 charts for six additional reverse engineered products by January 14, 2014. If, after reviewing this
19 evidence and meeting and conferring with Plaintiff, LGE believes in good faith that Plaintiff's use of
20 representative products is still improper, it must promptly raise the issue via a joint letter brief.

21 Nichia stated that it has provided Plaintiff with additional information in an effort to narrow
22 the scope of accused products. If Nichia believes that Plaintiff's use of representative products is
23 still improper after meeting and conferring with Plaintiff, it should promptly raise the issue in a joint

---

[1] Previously, the District Court and this Court ordered Plaintiff to provide evidence to show that the charted Nichia and LGE products were actually representative. Nichia and LGE have not filed any motions regarding the sufficiency of the evidence Plaintiff provided in response to those orders. Plaintiff's reverse engineering with respect to Nichia's and LGE's products, the subject of the two prior motions attacking the use of representative claim charts, did not show differences in alleged mesa shapes between charted products to the degree present here. Moreover, Plaintiff's expert's declaration in the Nichia matter was more detailed than his declaration here

3

letter brief.  Any joint letter brief submitted by the parties is limited to no more than four pages per side per brief, not counting attachments.

**IT IS SO ORDERED.**

Dated: 1/16/14

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge