DAVIS WRIGHT TREMAINE LLP
MARTIN L. FINEMAN, Bar No. 1104413
Email:  martinfineman@dwt.com
505 Montgomery Street
Suite 800
San Francisco, CA  94111
Telephone:  (415) 276-6575
Facsimile:  (415) 276-6599

Counsel for Plaintiff
Bluestone Innovations LLC

*See signature pages for full list of counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC,<br><br>                              Plaintiff,<br><br>      v.<br><br>VIZIO, INC.,<br><br><br>                              Defendant. | Case No. 3:13-cv-01770-SI (EDL)<br><br>**BLUESTONE'S OPPOSITION TO VIZIO'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br><br>Hearing:        November 21, 2014<br>Time:           9:00 a.m.<br>Judge:          Honorable Susan Illston<br>Courtroom:   10 (19th Floor) |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................1

II.  LEGAL STANDARD .........................................................................................2

III. VIZIO HAS NOT OFFERED ANY ADMISSIBLE EVIDENCE UPON WHICH AN AWARD OF SUMMARY JUDGMENT CAN BE PREMISED ....................................2

IV.  THE ACCUSED PRODUCTS CONTAIN A TOP SURFACE AS CONSTRUED BY THE COURT ........................................................................................................3

V.   THE ACCUSED PRODUCTS CONTAIN AT LEAST ONE MESA HAVING SURFACES THAT ARE PARALLEL TO SOME OF THE M-PLANES OF THE GAN EPITAXIAL FILM THAT IS DEPOSITED OVER THE MESA ................................6

    A.   Vizio's "Curved Surfaces" Argument Fails To Demonstrate That A Reasonable Trier Of Fact Could Not Possibly Find Infringement .........................................8

    B.   Vizio's "Sloped Surfaces" Argument Is Not Supported By The Court's Claim Construction Ruling, And In Any Event Fails To Demonstrate That A Reasonable Trier Of Fact Could Not Possibly Find Infringement .......................................11

        1.   Vizio's "Sloped Surfaces" Argument Is Inconsistent With The Court's Claim Construction Order ...................................................................11

        2.   Regardless Of The Intent Of The Court's Construction, The Accused Products Contain Mesas Having Surfaces That Are Perpendicular Relative To The Base Of The Substrate ..............................................................13

VI.  THE ACCUSED PRODUCTS CONTAIN "AT LEAST ONE MESA" AS CONSTRUED BY THE COURT ..................................................................................................14

VII. CONCLUSION ................................................................................................16

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................2

*Barcamerica Intern. USA Trust v. Tyfield Importers, Inc.*,
   289 F.3d 589 (9th Cir. 2002) ................................................................................3

*Beyene v. Coleman Security Services, Inc.*,
   854 F.2d 1179 ........................................................................................................3

*Chimie v. PPG Industries, Inc.*,
   402 F.3d 1371 (Fed. Cir. 2005) ............................................................................2

*Enzo Biochem, Inc. v. Gen-Probe, Inc.*,
   424 F.3d 1276 (Fed. Cir. 1989) ............................................................................3

*Howes v. Medical Components, Inc.*,
   814 F.2d 638 (Fed. Cir. 1987) ..............................................................................2

*IMS Technology, Inc. v. Haas Automation, Inc.*,
   206 F.3d 1422 (Fed. Cir. 2000) ............................................................................2

*Laser Diode Array, Inc. v. Paradigm Lasers, Inc.*,
   114 F. Supp. 2d 167 (W.D.N.Y. 2000) ............................................9, 10, 11, 12

*Omega Engineering, Inc. v. Raytek Corp.*,
   334 F.3d 1314 (Fed. Cir. 2003) ............................................................................2

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*,
   200 F.3d 795 (Fed. Cir. 1999) ..............................................................................2

**RULES**

Fed.R.Civ.P. 56(a) ..........................................................................................................2

Fed.R.Civ.P. 56(c)(2) ..................................................................................................2, 3

## I.    INTRODUCTION

Bluestone alleges that various LED products manufactured, sold and/or imported by Vizio, Inc. (referred to generally herein as the "Accused Products") infringe claims 1, 9 and 23 ("the Asserted Claims") of U.S. Patent No. 6,163,557 ("the '557 patent").  Each of the Asserted Claims requires a structure having a "mesa," "each mesa having a top surface," and "at least one mesa including surfaces oriented along crack planes of the epitaxial film."[1]   In its recent Claim Construction Order, the Court construed the disputed terms of the claim language as follows:

"mesa" means "an elevated formation with a top surface and side surfaces;"

"top surface" means "the uppermost surface of a mesa providing a reduced growth area dimensioned such that it reduces stress and associated cracking of the epitaxial film;" and

"at least one mesa including surfaces oriented along crack planes of the epitaxial film" means "each such mesa includes at least two surfaces each parallel to some of the crack planes."

 [D.I. 205, Claim Construction Order at pp. 6-10 and 14-15].  Bluestone contends that each of these claim limitations, as construed by the Court, are satisfied with respect to the structural features of the Accused Products.   Vizio contends otherwise.   Specifically, Vizio claims that none of the Accused Products satisfy each of these three requirements of the Asserted Claims for these reasons.

1.      The Vizio mesas do not have a top surfaces with a reduced growth area dimensioned such that it reduces stress and associated cracking.

2.      The side surfaces of Vizio mesas are curved and sloped and not parallel to the crack planes of the epitaxial film.

3.      The Vizio mesas are "bubbles" and do not have a top and side surfaces with discernible boundaries or lines.

[D.I. 215, Vizio MSJ at 2-4].  When applied to Bluestone's infringement contentions and the evidence relied upon by Bluestone herein, it is clear that none of Vizio's bases for non-infringement warrant the entry of summary judgment in Vizio's favor.  As discussed in greater detail below, disputed issues of

---

[1] Independent claims 1 and 23 of the '557 patent expressly state such a requirement, whereas the requirement is incorporated into claim 9 of the '557 patent by virtue of that claim's dependence from claim 1.

material facts exist which render the remedy being sought by Vizio improper as a matter of law.  Vizio's motion for summary judgment of non-infringement should accordingly be denied.

## II.   LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "When the moving party does not have the burden of proof on the issue that is the subject of the summary judgment motion…the movant nonetheless bears the initial burden of coming forward with sufficient evidence to demonstrate that there is no material issue of fact that would preclude summary judgment, and that it is entitled to judgment as a matter of law." *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 806 (Fed. Cir. 1999) (vacating summary judgment).

Summary judgment of non-infringement should not be granted unless a reasonable trier of fact could not possibly find infringement.  *Chimie v. PPG Industries, Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005) (reversing summary judgment of non-infringement).  Summary judgment can only be based on admissible evidence.  Fed.R.Civ.P. 56(c)(2).  All of Bluestone's evidence must be accepted as true, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  All reasonable factual inferences must be resolved in favor of Bluestone, see *IMS Technology, Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1429 (Fed. Cir. 2000), and "any doubt as to the existence of any issue of material fact requires denial of the motion." *Omega Engineering, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1320 (Fed. Cir. 2003).  Even doubts about the presence or absence of a factual issue must be resolved in Bluestone's favor.  *Howes v. Medical Components, Inc.*, 814 F.2d 638, 643 (Fed. Cir. 1987).

## III.   VIZIO HAS NOT OFFERED ANY ADMISSIBLE EVIDENCE UPON WHICH AN AWARD OF SUMMARY JUDGMENT CAN BE PREMISED

As an initial matter, Bluestone notes that Vizio has not presented any affidavits, documents or other evidence in support of its motion for summary judgment of non-infringement.  In fact, Vizio admits that it "has no technical information regarding the LEDs used in its accused products other than what was provided by Bluestone in its Amended Infringement Contentions."  [D.I. 215 at 2].  Instead, Vizio has relied only upon Bluestone's infringement contentions and attorney argument.

1         For the Court to award summary judgment in Vizio's favor, it must present some admissible

2   evidence:

3         It is well settled that only admissible evidence may be considered by the trial

4   court in ruling on a motion for summary judgment.  Fed.R.Civ.P. 56(e); *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 n.9 (9th Cir. 1980) (citing *United States v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970)). … [Plaintiff] raised timely

5   objections to Exhibits 6 and 7 in her opposition papers.  She objected on the grounds that the evidence contained in these exhibits was hearsay and lacked foundation.  Her

6   objections were well-taken.

7         Federal Rule of Evidence 901(a) requires "authentication or identification as a

8   condition precedent to admissibility."  Thus, before evidence may be admitted, a foundation must be laid "by evidence sufficient to support a finding that the matter in

9   question is what its proponent claims." Fed.R.Evid. 901(a). We have repeatedly held that "documents which have not had a proper foundation laid to authenticate them cannot

10   support a motion for summary judgment." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).

11                         * * *

12         Even if Exhibit 6 had been properly authenticated, however, it would not survive

13   [Plaintiff's] hearsay objection. It is an out-of-court statement offered for its truth: the proposition that monetary relief has been awarded in internal union proceedings.

14   [Defendant] failed to lay a foundation for any exception to the hearsay rule.

15                         * * *

16         Exhibit 7 is also inadmissible on hearsay grounds.  The documents comprising

17   Exhibit 7 are out-of-court statements offered for their truth.  [Defendant] did not attempt to lay a foundation for any exception to the hearsay rule.

18   *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181-1183 (reversing grant of summary

19   judgment); see also, Fed.R.Civ.P. 56(c)(2).  To the contrary, all Vizio has relied upon in support of its

20   motion for summary judgment, besides Bluestone's infringement contentions and the '557 patent, is the

21   arguments of its attorneys.  *Barcamerica Intern. USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593

22   (9th Cir. 2002) (attorney arguments are not evidence); *Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 424 F.3d

23   1276, 1284 (Fed. Cir. 1989) ("Attorney argument is no substitute for evidence.").

24   **IV.  THE ACCUSED PRODUCTS CONTAIN A TOP SURFACE AS CONSTRUED BY THE COURT**

25         Vizio contends that its Accused Products do not have a "top surface" as the Court has construed

26   that term.  In particular, it is Vizio's position that because the GaN epitaxial film completely buries the

27   mesa structures that the Accused Products do not provide a reduced growth area as a "top surface."  [D.I.

28

215 at 15-16].  Bluestone disagrees and summary judgment is unwarranted as there are genuine issues of material fact on this point.

First, Vizio is re-arguing a claim construction for "top surface" which has already been rejected by the Court.  The Court construed "top surface" to mean "the uppermost surface of a mesa providing a reduced growth area dimensioned such that it reduces stress and associated cracking of the epitaxial film."  [D.I. 205 at 10].  Specifically, in its summary judgment motion, Vizio again argues that a structure in which the GaN "buries the substrate structure, covering the entire structure of the LED with epitaxial film" results in a device which cannot infringe the '557 patent.  [D.I. 215 at 15-16].  All Vizio has done is re-cast its claim construction argument that the epitaxial film must have film edges that are proximate to the edges of the top surface of each mesa such that the mesas have "free sidewalls" on which epitaxial film is not grown into a summary judgment argument.  In construing the claims of the '557 patent, the Court already considered and rejected this very argument:

> "'[I]t is improper to read limitations from a preferred embodiment described in the specification . . . into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.'" *DealerTrack*, 674 F.3d at 1327.  The language cited by ***[Vizio] does not provide a clear indication that the patentees intended for the invention to require that the film edges be proximate to the edges of the top surface***.  See '557 Patent at 8:46-47 (stating that "GaN films can be grown with free sidewalls", not that they must be grown with free sidewalls).  Moreover, [Vizio's] proposed construction would exclude a preferred embodiment disclosed in the patent.  Figure 6 of the patent displays an embodiment where the film edges are not proximate to the edges of the top surface of the mesa.  See '557 Patent at 8:14-24, fig. 6.  "[A] construction that excludes a preferred embodiment 'is rarely, if ever, correct and would require highly persuasive evidentiary support.'" *Starhome*, 743 F.3d at 857.  ***[Vizio has] failed to provide the Court with such highly persuasive evidentiary support for their proposed construction***.

[D.I. 205 at 11] (emphasis added).  In other words, the Court has already rejected Vizio's summary judgment argument that the mesas could not be "buried."

Not only has Vizio's argument that this limitation can only be met by mesas with "free sidewalls" that are not buried already been rejected, but it misses the point of the claim limitation.  The '557 patent teaches that cracking in the epitaxial film that is deposited on the top surface is reduced by the presence of mesas that have a "top surface" which do not exceed 10 microns:

> The top surfaces of the mesas are dimensioned to reduce stress and associated cracking in the films. To reduce or eliminate cracking in these films, the mesas can have a width dimension of less than about 10 microns, and the side surfaces and end surfaces of the mesas can be oriented along m-planes of the films.

[D.I. 215-3, Ex. A to Koole Decl., '557 patent, at 2:38-41)

> grown on sapphire substrates. As explained, in FIG. **1**, the side surfaces **12** of the mesas **10** on the sapphire substrate **20** are parallel to the {10$\overline{1}$0} m-planes of GaN films grown on the mesas **10**. The mesas **10** have a width of less than about
>
> 10 microns, which is less than the crack spacing. As a result, the GaN and AlGaN films can include no more than one (10$\overline{1}$0) m-plane extending along the length L of the mesas **10**. Thus, strain in the GaN and AlGaN films can be relieved at the film edges and the possibility of cracks forming along the m-planes on the mesas **10** is significantly reduced or eliminated.

[D.I. 215-3, Ex. A to Koole Decl., '557 patent at 4:49-5:7].  As shown in the images below, the dimension of each mesa (and the top surface thereof) measures less than 10 microns:

| Vizio E241-A1 LED | Vizio E320-A1 LED | Vizio M550SV LED |
|---|---|---|
|  |  |  |

[D.I. 215-7, Ex. E to Koole Decl. at 9; D.I. 215-8, Ex. F to Koole Decl. at 9; D.I. 215-9, Ex. G to Koole Decl. at 9].  Because the top surfaces of the Vizio mesas have a dimension of less than 10 microns, they satisfy the functional language adopted by the Court as part of the claim construction for this element.  At the very least, there is a genuine issue of material fact as to whether the top surface of the mesas found in the Vizio Accused Products provide a reduced growth area, as taught by the '557 patent, dimensioned such that it reduces stress and associated cracking of the epitaxial film that is deposited on the top surface.

V.   **THE ACCUSED PRODUCTS CONTAIN AT LEAST ONE MESA HAVING SURFACES THAT ARE PARALLEL TO SOME OF THE M-PLANES OF THE GAN EPITAXIAL FILM THAT IS DEPOSITED OVER THE MESA**

Bluestone contends that the facts of this case demonstrate that at least some of surfaces of the mesas of the Vizio substrates are parallel to some of the m-planes of the GaN epitaxial film.   At a minimum, genuine disputes of material fact exist which preclude an award of summary judgment in Vizio's favor.

As discussed in greater detail herein the literal language of the claim limitations of the '557 patent is of critical importance when it comes to evaluating Vizio's non-infringement argument.   Consider the following illustration:



If one were asked whether the ***entire*** red line is parallel to the ***entire*** blue straight line, the answer would be "no."   If the inquiry focuses on only a portion of the image, however, the answer to the inquiry becomes quite different.   Suppose, for example, that the inquiry focused on the following portions of the lines (surrounded by the dashed lines):



Focusing on the image appearing to the right above, the answer to the question of whether the identified portion of the red line is parallel to the identified portion of the blue line now becomes "yes."

Importantly, it is this latter perspective under which Bluestone has alleged that the challenged claim limitation of the '557 patent is satisfied by the Accused Products, for nowhere in the asserted claims of the '557 patent does it specify that the entirety of the mesa sidewalls must be "oriented along" (or, according to the Court's Claim Construction Order, "parallel to") the m-planes of the GaN epitaxial

film that is deposited over the mesas in the Accused Products.  That is a critical point that is not to be lost in the context of resolving Vizio's present motion.   Bluestone has made clear that its theory of infringement as applied to the challenged claim limitation relies upon certain portions (surfaces) of the mesa sidewalls found in the Accused Products.  It is these certain portions that Bluestone equates with constituting the claimed "surfaces" of each mesa that are "oriented along" (or, according to the Court's Claim Construction Order, "parallel to") the m-planes of the GaN epitaxial film that is deposited over the mesas in the Accused Products.  By way of example, Bluestone's infringement contentions provide the following illustration and description in relation to the accused Vizio E241-A1 LED backlit television product:

> As shown in Figure 2, the mesas of the VIZIO E241-A1 LED semiconductor device are patterned so as to be oriented in a direction that is parallel to at least two crack planes of the GaN epitaxial film.  These crack planes, which constitute "m" planes of the GaN lattice, have been highlighted in Figure 2 in yellow, and are further represented in Figure 2 by respective yellow arrows.  As further shown in Figure 2, each mesa includes surfaces oriented along these "m" planes such that the surfaces are parallel thereto.  Exemplary surfaces are indicated in Figure 2 by the yellow areas labeled 1 and 2 to correspond to the yellow highlighting of the "m" planes of the GaN lattice and the yellow arrows which are representative thereof, all of which have likewise been labeled 1 and 2.

* * *



[D.I. 215-7, Ex. E to Koole Decl. at pp. 13-14].  Again, literal application of the claim language is of the utmost importance here.  The claim interpretation under which Bluestone has advanced its infringement

theory in relation to the challenged claim limitation is that which should control the Court's analysis of Vizio's motion for summary judgment.   When analyzing the pertinent facts under this perspective, Vizio's motion for summary judgment should be denied.

### A.   Vizio's "Curved Surfaces" Argument Fails To Demonstrate That A Reasonable Trier Of Fact Could Not Possibly Find Infringement

Vizio argues that the Accused Products contain mesas having curved or sloped sidewalls and "[a] curved or sloped surface can never be parallel to a flat surface because surfaces must be equidistant at all points to be parallel." [D.I 215, Vizio MSJ at 18].  This argument fails for several reasons.

First, as discussed above, the validity of Vizio's argument turns to a great extent on the perspective from which the argument is analyzed.  Vizio has not offered a supporting declaration from any of its employees or any other admissible evidence regarding the shape and structure of the mesa sidewalls in the Accused Products.  Moreover, Vizio has focused on the overall shape and appearance of the mesas in the Accused Products as opposed to the portion thereof to which Bluestone's contentions are directed with respect to the challenged claim limitation.  To put it another way, the issue to be resolved is not whether the *entire* mesa sidewall highlighted in the figure to the left below is parallel to an m-plane of the GaN film.  The issue to be resolved is instead whether a discrete portion of that sidewall, as generally indicated in the figure to the right below, constitutes a surface that is parallel to an m-plane of the GaN film.

 

Bluestone submits that a reasonable trier of fact could answer this latter inquiry in the affirmative, and that Vizio has failed to put forward any evidence to the contrary.  Vizio's motion for summary judgment should accordingly be denied.

It also bears pointing out that while Vizio has only relied upon images from Bluestone's infringement contentions in support of its summary judgment motion, Vizio did not include the images by which Bluestone explained how the surfaces of the Vizio mesas could be understood to be parallel to the m-planes of the GaN.  Those images are reproduced below:

| Vizio E241-A1 LED | Vizio E320-A1 LED | Vizio M550SV LED |
|---|---|---|

  

[D.I. 215-7, Ex. E to Koole Decl. at p. 14; D.I. 215-8, Ex. F to Koole Decl. at p. 14; and D.I. 215-9, Ex. G to Koole Decl. at p. 14].  For the sake of clarity, an enlargement of the relevant portion of the image is provided below:



These images, along with the accompanying text, explain how there are at least two surfaces (area 1 and area 2) on the mesa sidewalls that are parallel to the m-planes of the GaN epitaxial layers (plane 1 and plane 2 of the 3-D hexagonal structure).

Vizio's reliance on the *Laser Diode* decision issued by the Western District of New York is also misplaced, as the holding of that case was premised on facts and circumstances that are distinguishable from those present here.  The *Laser Diode* decision is limited to setting forth the district court's

constructions for numerous claim terms that were in dispute in that case, including a claim term in which the word "parallel" was expressly recited.[2]   *Laser Diode Array, Inc. v. Paradigm Lasers, Inc.*, 114 F. Supp. 2d 167, 169 (W.D.N.Y. 2000) ("The parties jointly requested that the court conduct a *Markman* hearing … This Decision and Order constitutes my rulings on the disputed claims.").   Nowhere does the decision discuss the legal principles applicable to determining the existence (or absence) of infringement, much less the trying standard that Rule 56 imposes upon a movant seeking an award of summary judgment.   Indeed, the holding in *Laser Diode* was based upon the court's determination that it found the defendant's position to be "***more persuasive***" than the plaintiff's position, *Laser Diode*, 114 F. Supp. 2d at 174.   In contrast, an award of summary judgment cannot merely be premised on a determination as to which party makes the more persuasive argument; Vizio must instead establish that no reasonable trier of fact could rule in Bluestone's favor.

The *Laser Diode* decision is distinguishable for other reasons as well.   Unlike the *Laser Diode* decision, where the court based its holding in part upon expert testimony that was offered into evidence, here Vizio offers no such expert testimony for the Court to consider.   Importantly, the court in *Laser Diode* made clear that its decision, and the underlying reasoning articulated in support thereof, was specific to the patent-in-suit and the evidentiary submissions made with respect thereto:

> ***After considering all the evidence, including the expert reports and testimony***, I do not believe that a person of ordinary skill in the art would understand the word "parallel," ***as used in the '951 patent***, to cover both curved and flat surfaces.

*Id.* at 174 (emphasis added).   Of equal, if not greater, importance is the fact that the court in *Laser Diode* did not ultimately appear to adopt an overly rigid interpretation of the disputed claim term akin to that which Vizio now implores this Court to adopt.   In this regard, the court in *Laser Diode* concluded the following with respect to the proper construction of the phrase "an emission face of said diodes is parallel to a major surface of said conductive layer":

> I conclude, then, that this claim language requires that the surface of the conductive layer be ***substantially planar*** and that the plane of the emission face of the diodes be parallel to that surface.

*Id.* (emphasis added).   "Substantially planar" does not mean "perfectly planar".   As such, the court's

---

[2] Unlike the claims at issue in *Laser Diode*, here the word "parallel" is not expressly recited in any Asserted Claim of the '557 patent.

construction as set forth in the *Laser Diode* decision appears to leave open the possibility that a surface having some slight curvature can be considered parallel to a plane.

In short, the context in which the *Laser Diode* decision was rendered differs greatly from that which is presently before this Court in relation to Vizio's motion for summary judgment.  The decision is of marginal (if any) relevance with respect to the issues at hand in the instant case, and certainly is not determinative thereof.

> **B.      Vizio's "Sloped Surfaces" Argument Is Not Supported By The Court's Claim Construction Ruling, And In Any Event Fails To Demonstrate That A Reasonable Trier Of Fact Could Not Possibly Find Infringement**

Vizio also argues that because the Accused Products contain mesas having sidewalls that are "curved or sloped," it is impossible for any such sidewalls to be parallel to any m-plane of the GaN epitaxial film that is deposited over the mesas.  [D.I 215, Vizio MSJ at 18].  This argument fails for multiple reasons.

> **1.      Vizio's "Sloped Surfaces" Argument Is Inconsistent With The Court's Claim Construction Order**

Vizio's "curved or sloped surfaces" argument is not supported by the Court's Claim Construction Order.  In conjunction with the parties' respective submissions relating to the disputed claims terms to be construed by the Court in this case, Vizio attempted to convince the Court that the claimed mesa structures must have "vertical sidewalls" that are "perpendicular to the substrate." [D.I. 205, Claim Construction Order at 5:4-6 and 7:4-6].  The Court rejected Vizio's proposed construction, and no such "vertical sidewalls" limitation was imported into the Asserted Claims of the '557.  [*Id.*, at 6:11 – 8:18].  The "sloped surfaces" argument upon which Vizio now asks the Court to render a finding of non-infringement is nothing more than a poorly disguised attempt to circumvent and re-litigate the Court's earlier ruling.

Vizio's "curved or sloped surfaces" argument is based entirely on the premise that the Court's introduction of the word "parallel" into its construction of the disputed phrase "at least one mesa including surfaces oriented along crack planes of the epitaxial film" (construed by the Court to mean "each such mesa includes at least two surfaces each parallel to some of the crack planes" of the epitaxial film [*Id.*, at 15:16-18]) is directed to the concept of planar parallelism, as opposed to linear parallelism.

The Court's Claim Construction Order, however, suggests otherwise in certain respects.  For example, in the reasoning that supported the Court's importation of the word "parallel" into the subject claim language, the Court referenced several dictionary definitions for the word "along" – namely, "in a line parallel with the length or direction of" and/or "in a line matching the length or direction of."  [*Id.*, at 15:2-5].

Based upon the Court's underlying reasoning, Bluestone's interpretation of the Court's use of the word "parallel" is that said terminology is intended to reference the concept of linear parallelism.  Support for such an interpretation is found in the materials which Vizio itself now relies upon in its motion papers.  The *Laser Diode* decision, cited by Vizio and discussed at length above, notes that (at least according to the defendant in that case) the concept of parallelism may be based on either linear or planar geometry.  *Laser Diode*, 114 F. Supp. 2d at 173.

As explained by Bluestone during the *Markman* hearing, under a concept of linear parallelism, the fact that the Accused Products have sidewalls that are not perpendicular relative to the base of the substrate has no bearing on whether those sidewalls contain surfaces that are oriented along (or, as the Court has stated, "parallel to") the m-planes of the GaN film:

> If I could use the courtroom as an example of what we're talking about just to give a better understanding of Bluestone's proposed construction. If the walls to my left and my right are considered to be crack planes -- we can even go a step further and say they're m-planes of a hexagonal crystallite -- from myself to Your Honor, we have a direct path, and that pathway is oriented physically along those crack planes.
>
> Now, if I take mesas and form them in that direct path from myself to you, whether it be one mesa or two mesas or three along that pathway, those mesas are oriented along the crack planes formed by these walls.
>
> That's exactly what we see in this figure, Defendants' Slide 11. You can look at those side surfaces of the mesas. They're not completely parallel up and down vertically to, you know, what I would refer to as the crack planes.
>
> If we took the left end and the right end of that picture and said those are the crack planes, you still have orientation along those crack planes in the dimension that leads into the figure.
>
> That is what Bluestone's proposed construction is trying to encompass. We think that's consistent with the inventor's intent, as you heard from Ms. Romano last week.
>
> THE COURT: And you say "oriented" means "aligned"?
>
> MR. CONLEY: Yes, that's correct, Your Honor.

THE COURT: Neither one of them really helps a lot; does it?

MR. CONLEY: We think it's the plain and ordinary meaning of the term. What we're trying to give a connotation of is the notion that whatever the line of those sidewalls, so to speak, of the mesas may be, whether they're vertical or slanted, you can still have those sidewalls be oriented along these crack planes. It makes no difference fundamentally whether they're vertical or not, as perhaps best evidenced by the figure we see here (indicating).

[D.I. 201, Transcript from 6/4/14 *Markman* Hearing, at 71:15 – 72:24].  Under Bluestone's interpretation of the Court's Claim Construction Order, Vizio's "curved or sloped surfaces" argument misses the mark entirely, and cannot form a basis by which to award Vizio with summary judgment of non-infringement.  To the extent that Bluestone is correct regarding the Court's intent with respect to its construction of the challenged claim limitation of the '557 patent, Vizio's motion for summary judgment should be denied.

### 2. Regardless Of The Intent Of The Court's Construction, The Accused Products Contain Mesas Having Surfaces That Are Perpendicular Relative To The Base Of The Substrate

Even if Bluestone is incorrect regarding the Court's intent in importing the word "parallel" into the challenged claim construction, Vizio's "curved or sloped surfaces" argument still fails.  Contrary to Vizio's assertion, the Accused Products do in fact contain mesas having surfaces that are perpendicular relative to the base of the substrate such that summary judgment would be inappropriate.

The mesa sidewalls found in the Accused Products certainly appear to be sloped relative to the base of the substrate.  However, when focusing on the relevant portions of the sidewalls (the claimed surfaces) it becomes apparent that those very same mesa sidewalls do in fact have portions which stand in a vertical relationship relative to the base of the substrate, as shown in the image to the right below:



Vizio M550SV LED



Vizio M550SV LED

[D.I. 215-9, Ex. G to Koole Decl. at p. 12; Romano Decl. ¶ 8].  Dr. Linda Romano, one of the co-

inventors of the '557 patent directed testing of the Vizio Accused Products using a high resolution Transmission Electron Microscopy ("TEM").  [Romano Decl. ¶¶ 1-5].  The claimed surfaces of the mesa sidewall do have vertical surfaces that are not curved or sloped as demonstrated in the Vizio M550SV, which is highlighted in red below:



[Romano Decl. ¶ 9].  As explained by Dr. Romano, the presence of the vertical surfaces in the facets of the mesas are expected given the hexagonal crystallographic structure of the sapphire mesas.  [Romano Dec. ¶ 9].

Based upon the above evidence, a reasonable trier of fact could make a finding of infringement. As Vizio has failed to submit *any* evidence which conclusively establishes anything to the contrary, its motion for summary judgment of non-infringement should be denied.

## VI.    THE ACCUSED PRODUCTS CONTAIN "AT LEAST ONE MESA" AS CONSTRUED BY THE COURT

Vizio's third and final argument in support of its motion for summary judgment of non-infringement is that its "mesas" do not have "top and side surfaces" that are bounded by straight or curved lines.   Vizio's self-created requirement of a boundary between the top and side surfaces demarcated by a straight or curved line is not part of the Court's claim construction and Vizio cites no

support from the '557 patent that such a boundary is necessary.  To the contrary, the Court's claim construction for "mesa" is "an elevated formation with a top surface and side surfaces." [D.I. 205 at 10]. The Court's discussion of straight and curved lines in the claim construction opinion was with regards to the overall shape of the mesa and whether it should be limited to the embodiment shown in figure 1 of the '557 patent or could include other polygonal and non-polygonal shapes as discussed in the specification.  [D.I. 205 at 5-6].  As the Court rightly acknowledged, the "mesas" of the '557 patent could include non-polygonal shapes (such as domes, bubbles, curves, etc.) and the "top surface" is "the uppermost surface" of the mesa.  [D.I. 205 at 10].  Because the claimed "mesa" can include non-polygonal shapes, the mesas do not need straight or curved boundary line between the top and side surfaces.

The litany of dictionary definitions cited and relied upon by Vizio are irrelevant extrinsic evidence.  The Court has already construed the claims of the '557 patent and the construction did not include the requirement of a boundary, a straight line, or a curved line.  The relevant question is whether the Vizio Accused Products have "at least one mesa" with a "top surface."   As shown in the images below, Bluestone has presented evidence that the Vizio Accused Products meet both of these limitations as construed by the Court:

Vizio E241-A1 Television          Vizio E320-A1 Television          Vizio M550SV Television

  

High resolution images of the Vizio mesas provide further compelling evidence that the Accused Products have "at least one mesa" in which the "top surface" is the uppermost surface:

1

2

3

4

5

6

7

8

9



10  [Romano Decl. ¶¶ 6-7].  While Vizio may argue its mesas do not have a top surface, the high resolution

11  images of the "uppermost surface" of the actual mesas in the Accused Products paint a completely

12  different picture.  Accordingly, there are genuine issues of material fact that preclude summary judgment

13  as to whether the Vizio Accused Products meet the "at least one mesa" requirement as construed by the

14  Court.

15  **VII.   CONCLUSION**

16      Vizio has failed to put forth sufficient evidence demonstrating that no reasonable trier of fact

17  could possibly find that the Vizio Accused Products have a top surface providing a reduced growth areas;

18  that the Vizio Accused Products contain at least one mesa including at least two surfaces that are parallel

19  to some of the m-planes of the GaN epitaxial film which is deposited on the mesa; and that the Vizio

20  Accused Products contain at least one mesa as construed by the Court.  At a minimum, genuine disputes

21  of material fact exist as to each of the arguments made by Vizio in support of its motion.  As such,

22  Vizio's motion for summary judgment of non-infringement should be denied.

23

24

25

26

27

28

Dated:  October 27, 2014

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

Martin L. Fineman, Bar No. 1104413
One Embarcadero Center, Suite 600
San Francisco, CA 94111-3611
415-276-6575 (tel)
415-276-6599 (fax)

NIRO, HALLER & NIRO

Dean D. Niro
David J. Mahalek
Robert A. Conley
181 West Madison St
Suite 4600
Chicago, IL 60602
(312) 377-3278 (tel)
(312) 236-3137 (fax)


By: */s/ David J. Mahalek*

***Attorneys for Plaintiff***
***Bluestone Innovations, L.L.C.***

**CERTIFICATE OF SERVICE**

I certify that all counsel of record in *Bluestone Innovations LLC* v. *Vizio, Inc.*, *et al.*, Case No. 3:13-cv-01770-SI (EDL) (N.D. Cal.) are being served on October 27, 2014 with a copy of this document via the Court's CM/ECF system at the email addresses below:

> Adrian Mary Pruetz (apruetz@glaserweil.com)
> Charles Christian Koole (ckoole@glaserweil.com)
> Mieke K. Malmberg (mmalmberg@glaserweil.com)
> Glaser Weil Fink Jacobs Howard
> Avchen & Shapiro
> 10250 Constellation Blvd., 19th Floor
> Los Angeles, CA  90067
> Phone:  310-553-3000/Fax:  310-282-6250
>
> Steven Richard Hansen (srh@ltlcounsel.com)
> 601 South Figueroa Street, Suite 4025
> Los Angeles, CA  90017
> Phone:  213-612-8917/Fax:  213-612-3773
>
> ***Attorneys for Vizio, Inc.***

/s/ David J. Mahalek
David J. Mahalek, Attorney for Plaintiff