ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
MIEKE K. MALMBERG - State Bar No. 209992
mmalmberg@glaserweil.com
CHARLES C. KOOLE - State Bar No. 259997
ckoole@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

STEVEN R. HANSEN - State Bar No. 198401
steven.hansen@ltlw.com
LEE TRAN & LIANG LLP
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

*Attorneys for Defendant*
*VIZIO, Inc.*

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>NICHIA CORPORATION; NICHIA AMERICA CORPORATION,<br><br>Defendants. | Case No. 3:12-cv-00059-SI (EDL) |
| BLUESTONE INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>Defendants. | Case No.:  3:13-cv-01770-SI (EDL)<br><br>**DEFENDANT VIZIO, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT**<br><br>**Date:       November 21, 2014**<br>**Time:       9:00 a.m.**<br>**Location: Courtroom 10, 19th floor**<br>**Judge:     Hon. Susan Illston** |

*(vertical text, left margin)* Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

# TABLE OF CONTENTS

Page

I.      BLUESTONE CANNOT DEFEAT SUMMARY JUDGMENT BY
        MANUFACTURING EVIDENCE THAT CONTRADICTS ITS AMENDED
        INFRINGEMENT CONTENTIONS ................................................................ 1

II.     THE ONLY ADMISSIBLE EVIDENCE BEFORE THIS COURT WAS
        PRESENTED BY VIZIO ............................................................................... 3

        A.      VIZIO Relied on Admissible Evidence to Support Summary Judgment ........ 3

        B.      The Manufactured "Evidence" Cited to Support Bluestone's Opposition
                Is Inadmissible and Should Be Stricken ................................................ 4

                1.      The Declaration of Linda Romano Should Be Stricken in Its
                        Entirety ...................................................................................... 4

                2.      Bluestone's Claim that the Figure 2 It Manufactured Shows
                        "Surfaces" of the Alleged "Mesas" Directly Contradicts
                        Bluestone's Admissions in its Amended Infringement Contentions
                        and Is Inadmissible ..................................................................... 6

III.    BLUESTONE IGNORES THAT THE '557 PATENT CLAIMS REQUIRE
        THAT THE "TOP SURFACE" "PROVID[E] A REDUCED GROWTH
        AREA," BUT THE ACCUSED VIZIO PRODUCTS HAVE NONE ........................... 7

IV.     THE LED SUBSTRATE STRUCTURES IN THE ACCUSED VIZIO
        PRODUCTS DO NOT HAVE "SURFACES ORIENTED ALONG CRACK
        PLANES" ...................................................................................................... 8

        A.      Bluestone Seeks to Relitigate this Court's Claim Construction By
                Removing the Requirement that the Surfaces Be "Parallel" to Crack
                Planes ........................................................................................... 9

        B.      Bluestone Admitted That the Diagrams It Now Relies On Do Not Show
                the Actual Surfaces of the VIZIO LED Structures ........................................ 11

V.      BLUESTONE'S ARBITRARY ANNOTATIONS TO THE BUBBLE
        STRUCTURES ON THE LED SUBSTRATES IN THE ACCUSED VIZIO
        PRODUCTS DO NOT CREATE A "TOP SURFACE" OR "SIDE SURFACES" .. 13

VI.     CONCLUSION ............................................................................................ 15

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

# TABLE OF AUTHORITIES

Page

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 12-cv-0630, 2013 WL 3246094 (N.D. Cal. June 26, 2013)......................................................3

*Atlas IP, LLC v. Biotronik, Inc.*,
   No. 14-cv-20602, 2014 WL 4273360 (S.D. Fla. Aug. 29, 2014) ..................................................3

*Canada v. Blain's Helicopters, Inc.*,
   831 F.2d 920 (9th Cir. 1987) .........................................................................................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ......................................................................................................................3

*Cephalon, Inc. v. Watson Pharms., Inc.*,
   707 F.3d 1330 (Fed. Cir. 2013)....................................................................................................8

*Cline v. Indus. Maint. Eng'g & Contracting Co.*,
   200 F.3d 1223 (9th Cir. 2000) ......................................................................................................6

*Cordance Corp. v. Amazon.com, Inc.*,
   631 F. Supp. 2d 477 (D. Del. 2009)..............................................................................................5

*EON CorpIP Holdings, LLC v. Cisco Sys. Inc*,
   No. 12-cv-1011, __ F.Supp.2d __, 2014 WL 1308743 (N.D. Cal. Apr. 1, 2014) .........................4

*Exigent Tech., Inc. v. Atrana Solutions, Inc.*,
   442 F.3d 1301 (Fed. Cir. 2006)....................................................................................................3

*In re Bay Area Material Handling, Inc.*,
   76 F.3d 384 (9th Cir. 1996) ..........................................................................................................3

*In re Oracle Corp. Sec. Litig.*,
   627 F.3d 376 (9th Cir. 2010) ........................................................................................................4

*Laser Diode Array, Inc. v. Paradigm Lasers, Inc.*,
   114 F. Supp. 2d 167 (W.D.N.Y. 2000)........................................................................................10

*Lorraine v. Markel Am. Ins. Co.*,
   241 F.R.D. 534 (D. Md. 2007).......................................................................................................5

*Motorola, Inc. v. Analog Devices, Inc.*,
   No. 1:03-cv-131, 2004 WL 5633736 (E.D. Tex. 2004)..................................................................3

*Novotek, Inc. v. Sollami Co.*,
   559 Fed. Appx. 1011 (Fed. Cir. 2014)..........................................................................................4

*Realtime Data, LLC v. Packeteer, Inc.*,
   No. 08-cv-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009)......................................................3

*Standard Havens Products, Inc. v. Gencor Indus., Inc.*,
   953 F.2d 1360 (Fed. Cir. 1991)....................................................................................................3

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

966101

*Venetec Int'l, Inc. v. Med. Device Grp., Inc.*,
No. 06-CV-83, 2007 WL 2238475 (S.D. Cal. Aug. 3, 2007) ........................................ 6

*Verizon Servs. Corp. v. Cox Fibernet Virginia, Inc.*,
602 F.3d 1325 (Fed. Cir. 2010) ........................................ 5

**STATUTES**
Fed. R. Civ. P. 56 ........................................ 4

Fed. R. Evid. 602 ........................................ 4, 5

Fed. R. Evid. 702 ........................................ 4

Fed. R. Evid. 801 ........................................ 3

Fed. R. Evid. 803 ........................................ 3

Fed. R. Evid. 901 ........................................ 3, 5

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

VIZIO'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

966101

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

## I.   BLUESTONE CANNOT DEFEAT SUMMARY JUDGMENT BY MANUFACTURING EVIDENCE THAT CONTRADICTS ITS AMENDED INFRINGEMENT CONTENTIONS

Struggling to raise an issue of fact, Bluestone now repudiates its own numerous pictures of the bubble-shaped structures on the sapphire substrates of the VIZIO LEDs—pictures it relied on in its Amended Infringement Contentions as reflecting the "surfaces" Bluestone claims are "mesas." Instead, Bluestone directs the Court to "a portion of" the "Figure 2" images in its Amended Infringement Contentions that Bluestone admits it manipulated into a different shape.  Thus, Bluestone now asks the Court to disregard the "overall shape and appearance" of the accused VIZIO products reflected in all of the other pictures in Bluestone's Amended Infringement Contentions and focus only on "the portion thereof" that Bluestone admits it modified by etching to create the shapes shown in Figure 2.  Opp. at 7-9.  But as Bluestone admitted in its Amended Infringement Contentions: "The claimed 'surfaces' are the ***original outer surfaces*** of the mesas, ***prior to*** any etching that may have been performed to obtain the image shown in Figure 2."  Declaration of Charles Koole ("Koole Decl."), Exh. E. at 13; Koole Decl., Exh. F at 13; Koole Decl., Exh. G at 13. Bluestone cannot raise an issue of fact by etching the original VIZIO bubble shape (shown on the left) into something more like a curvy pyramid (shown on the right):

**VIZIO Original Structure**          **Bluestone Etching (Figure 2)**

          

Koole Decl., Exh. F at 12; Opp. at 8.

Moreover, to the extent the bubble has been etched by Bluestone to create a portion of a surface that is flat, even that surface remains sloped and still cannot meet the claim limitation requiring that "at least two surfaces" be "parallel to some of the crack planes," as only a surface perpendicular to the substrate could be parallel to the m-planes of the GaN or AlGaN film.

1

966101

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   Despite presenting the manipulated structures shown in Bluestone's Figure 2 when

2   attempting to show "surfaces" parallel to crack planes, Bluestone abandons them when arguing the

3   bubble-shaped structures have "top surfaces."  Because Bluestone's etching changed the top of the

4   structure to a point, Bluestone returns to the actual bubble shape in the other figures in its Amended

5   Infringement Contentions to argue that there is a "top surface" with a "reduced growth area" as

6   required by the '557 Patent.

7       But here again, because Bluestone cannot support its argument by pointing to the VIZIO

8   bubble, with its continuous surface having no indication where a top surface would end or a side

9   surface begin, Bluestone instead refers the Court to a red box Bluestone drew onto the bubble

10  structure and arbitrarily labeled "top surface."  Bluestone also speciously argues that it created the

11  red box at a scale of less than 10 microns, and therefore *its red box* fits within the '557 claim

12  limitation of being  "dimensioned such that it reduces stress and associated cracking of the epitaxial

13  film."  Finally, in an effort to show that the obviously curved bubble of the VIZIO LED structure is

14  really flat on top, Bluestone presents yet another modified image, this one purporting to be an

15  infinitesimal portion of the bubble based on a scale of 5 nanometers—*200 times smaller than the 1*

16  *micrometer scale used in Bluestone's original red box*.  This fits well with the arguments of 14th

17  Century pundits that the world is flat, based on the tiny portion of the earth's surface they could see!

18      Bluestone's manufactured "evidence" is nothing but sophistry and is inadmissible on

19  multiple grounds, including being inconsistent with Bluestone's Amended Infringement

20  Contentions.  Bluestone has not disputed the evidence in its Amended Infringement Contentions that

21  the three VIZIO products Bluestone charted (and asserted to be representative of all 95 of the

22  accused products) lack at least three limitations present in each of the asserted claims—"a top

23  surface," a "mesa" or "at least one mesa including surfaces oriented along crack planes."

24  Accordingly, *none* of the VIZIO accused products infringe the '557 Patent and summary judgment

25  of noninfringement in favor of VIZIO is appropriate as a matter of law.

26

27

28

966101

## II.     THE ONLY ADMISSIBLE EVIDENCE BEFORE THIS COURT WAS PRESENTED BY VIZIO

### A.     VIZIO Relied on Admissible Evidence to Support Summary Judgment

Bluestone incorrectly alleges that "VIZIO has not offered any admissible evidence" to support its summary judgment motion. Opp. at 2. VIZIO relies on authenticated copies of this Court's Claim Construction Order, the '557 Patent, Bluestone's Amended Infringement Contentions and definitions from generally accepted dictionary sources, as well as legal precedents, to support its motion. The '557 Patent is admissible under the public records exception to the hearsay rule. Fed. R. Evid. 803(8); *Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1372 (Fed. Cir. 1991). Bluestone's Amended Infringement Contentions are admissible as opposing party admissions. Fed. R. Evid. 801(d)(2); *In re Bay Area Material Handling, Inc.*, 76 F.3d 384 (9th Cir. 1996) (concluding that statements by attorneys are not hearsay as attorneys are persons authorized to make a statement under Rule 801(d)(2)(C) and as the party's agent under Rule 801(d)(2)(D)); *see also Atlas IP, LLC v. Biotronik, Inc.*, No. 14-cv-20602, 2014 WL 4273360, at *2 (S.D. Fla. Aug. 29, 2014) (construing infringement contentions as admissions). Furthermore, all of this evidence was properly authenticated by Charles Koole, who has personal knowledge and has attested that the documents are what they are claimed to be. *See* Fed. R. Evid. 901(b)(1).

Infringement contentions in a patent case "act as forms of pleading" and "serve as substitutes for interrogatories." *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-0630, 2013 WL 3246094, at *3 (N.D. Cal. June 26, 2013); *Realtime Data, LLC v. Packeteer, Inc.*, No. 08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (citing *Motorola, Inc. v. Analog Devices, Inc.,* No. 1:03-cv-131, 2004 WL 5633736, * 1 (E.D. Tex. 2004)). Further, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308 (Fed. Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "'[N]othing more is required than the filing of a…motion stating that the patentee had no evidence of infringement and pointing to specific ways in which accused [products] did not meet the claim limitations." *Novotek, Inc. v. Sollami Co.*, 559

3

1   Fed. Appx. 1011, 1022 (Fed. Cir. 2014) (quoting *Exigent Tech.*, 442 F.3d at 1309 and affirming

2   summary judgment of noninfringement based solely on the claim construction order and pictures of

3   the accused products).

4        VIZIO does not have the burden of proof at trial on the infringement issue.  Thus, VIZIO

5   properly relies on Bluestone's Amended Infringement Contentions and other cited evidence to

6   support its Motion.

7        **B.        The Manufactured "Evidence" Cited to Support Bluestone's Opposition Is**

8             **Inadmissible and Should Be Stricken**

9        Bluestone incorrectly states that "[a]ll of Bluestone's evidence must be accepted as true[.]"

10  Opp. at 2.  Not so.  It is well-established that "[a] district court's ruling on a motion for summary

11  judgment may ***only*** be based on admissible evidence."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376,

12  385 (9th Cir. 2010) (emphasis added); Fed. R. Civ. P. 56(c)(2); *see also EON CorpIP Holdings,*

13  *LLC v. Cisco Sys. Inc*, No. 12-cv-1011, __ F.Supp.2d __, 2014 WL 1308743, at *4 (N.D. Cal. Apr.

14  1, 2014) (when defendant demonstrates with admissible evidence that accused products do not

15  infringe, and plaintiff's evidence is inadmissible, defendant is entitled to summary judgment for that

16  reason alone).  Thus, Bluestone's inadmissible evidence should not even be considered on this

17  motion, let alone accepted as true.

18       **1.        The Declaration of Linda Romano Should Be Stricken in Its Entirety**

19       The entire Declaration of Linda Romano ("Romano Declaration") lacks foundation, because

20  a "declaration used to support or oppose a motion must be made on personal knowledge, set out

21  facts that would be admissible in evidence, and show that . . . the declarant is competent to testify on

22  the matters stated."  Fed. R. Civ. P. 56(c)(4).  A non-expert witness may testify to a matter only if

23  the witness has personal knowledge of the matter.  Fed. R. Evid. 602.

24       Bluestone has never designated Romano as an expert, nor has she been qualified as an expert

25  competent to testify on the technical aspects of LEDs.  To qualify as an expert, a witness must have

26  sufficient qualifications in the form of knowledge, skill, experience, training, or education.  Fed. R.

27  Evid. 702.  Here, Romano fails to identify in her declaration any knowledge, skill, experience,

28  training, or education that may qualify her as an expert.  Although Romano is one of the named

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

4

966101

inventors of the '557 Patent, there is no explanation of her contribution to the invention.  Moreover, merely being an inventor does not qualify one for being an expert in the relevant technology field. *See Verizon Servs. Corp. v. Cox Fibernet Virginia, Inc.*, 602 F.3d 1325, 1339-40 (Fed. Cir. 2010) (district court did not abuse its discretion in limiting inventor testimony to factual testimony where the inventor had not provided an expert report or been qualified); *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 477, 483-84 (D. Del. 2009) (finding that an inventor is not inherently qualified to testify as an expert on invalidity and infringement issues).  Romano also declares that she "is a Specialist at Evans Analytical Group, and . . . the owner of my own technical consulting business, EpiTechnology Consulting."  Romano Decl., ¶ 1.  However, there is no explanation in her declaration as to what Evans Analytical Group or EpiTechnology Consulting does or how her positions at those two organizations are related to her qualifications as an expert or her testimony. Thus, Romano is not qualified to testify as an expert in this case and is not competent to testify with respect to the technical features of the unauthenticated LEDs.

Finally, Paragraphs 6-9 and accompanying images of the Romano Declaration are inadmissible on the grounds of (1) lack of foundation; (2) no personal knowledge, Fed. R. Evid. 602; and (3) lack of authentication, Fed. R. Evid. 901.  As discussed above, Romano has no personal knowledge about the LEDs analyzed or the procedures taken, has established no expertise with respect to the matters in her declaration, and has not established that the methods used for the analysis are reliable. In addition, she fails to (and cannot) authenticate the images included in Paragraphs 6-9.  "It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment."  *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987). "Documents which have not had a proper foundation laid to authenticate them cannot support [or defend] a motion for summary judgment."  *Id.*  Here, Romano cannot testify that the images in her declaration fairly and accurately represent the LEDs because she did not photograph the images in Paragraphs 6-9 or observe the LEDs through the microscope.  *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 561 (D. Md. 2007) ("An original digital photograph may be authenticated the same way as a film photo, by a witness with personal knowledge of the scene depicted who can testify

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

that the photo fairly and accurately depicts it.").  Accordingly, Paragraphs 6-9 and accompanying images of the Romano Declaration are inadmissible and should be stricken.

### 2. Bluestone's Claim that the Figure 2 It Manufactured Shows "Surfaces" of the Alleged "Mesas" Directly Contradicts Bluestone's Admissions in its Amended Infringement Contentions and Is Inadmissible

In a patent case, infringement contentions act as pleadings.  *Apple*, 2013 WL 3246094, at *3; *Realtime Data,* 2009 WL 2590101, at *5.  The Ninth Circuit has held that a party cannot contradict its own pleadings to create a genuine issue of material fact on summary judgment.  *See, e.g., Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1232 (9th Cir. 2000).  This is especially true in the context of patent infringement contentions. *EON CorpIP,* 2014 WL 1308743, at *8 (granting summary judgment of noninfringement and rejecting arguments inconsistent with the infringement contentions); *Venetec Int'l, Inc. v. Med. Device Grp., Inc.*, No. 06-CV-83, 2007 WL 2238475, at *6 (S.D. Cal. Aug. 3, 2007) (granting summary judgment of noninfringement and rejecting argument that contradicted infringement contentions).

Here, Bluestone stated in its Amended Infringement Contentions that "[t]he claimed 'surfaces' are the ***original outer surfaces*** of the mesas, ***prior to*** any etching that may have been performed to obtain the image shown in Figure 2."  Koole Decl., Exh. E at 13 (emphasis added); *see also* Koole Decl., Exh. F at 13; Koole Decl., Exh. G at 13.  The original outer surfaces are shown in the other pictures in Bluestone's Amended Infringement Contentions.  Koole Decl., Exh. E at 10, 12; *see also* Koole Decl., Exh. F at 10, 12; Koole Decl., Exh. G at 10, 12.  Now, despite admitting that Figure 2 does not show the outer surfaces of the substrate structures in the VIZIO LEDs, Bluestone attempts to argue that the surfaces of those LED's are the surfaces created by Bluestone through etching.  Opp. at 8-9.  This directly contradicts Bluestone's previous statements regarding the claimed surfaces, is manufactured evidence, and is inadmissible on both grounds.  Bluestone should be precluded from using evidence it manufactured and from generating a dispute on summary judgment by contradicting its own prior representations in its Amended Infringement Contentions.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

966101

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

### III. BLUESTONE IGNORES THAT THE '557 PATENT CLAIMS REQUIRE THAT THE "TOP SURFACE" "PROVID[E] A REDUCED GROWTH AREA," BUT THE ACCUSED VIZIO PRODUCTS HAVE NONE

This Court construed "top surface" as "the uppermost surface of a mesa *providing a reduced growth area* dimensioned such that it reduces stress and associated cracking of the epitaxial film." Dkt. 205 at 10 (emphasis added). Bluestone attempts to mislead this Court by citing to the Court's construction of the term "*film on the top surface of at least one mesa*," instead of this term, to argue that the Court rejected the argument that the mesas must provide a reduced growth area. Opp. at 4. In doing so, Bluestone completely ignores this Court's construction that the "*top surface*" must "*provid[e] a reduced growth area*" (Dkt. 205 at 10 (emphasis added)), consistent with the teachings of the '557 Patent:

> "The top surfaces provide reduced area surfaces for growing the III-V nitride films." Koole Decl., Ex. B, '557 Patent at 2:23-25.

> "According to an aspect of this invention, III-V nitride epitaxial films are grown on reduced area surfaces to reduce tensile stresses in the III-V nitride films caused by the coefficient of thermal expansion mismatch. As described in greater detail below, the reduced area surfaces can be surfaces patterned on substrates, or surfaces patterned on III-V nitride films which are deposited on substrates." *Id.* at 4:4-11.

> "The mesas provide reduced area surfaces on which the III-V nitride films are epitaxially grown." *Id.* at 4:16-17.

> "In addition, by reducing cracking in GaN and AlGaN films by growing GaN films on the reduced area surfaces of mesas 10 and 110 . . ." *Id.* at 6:19-21.

The '557 Patent and this Court's construction of it are clear – the mesas claimed in the '557 Patent must provide a *reduced growth area* dimensioned to reduce stress and cracking of the epitaxial film. Equally clear, the VIZIO LEDs do not have such a reduced growth area.

In fact, Bluestone does not dispute that burying of the structures on the substrate in epitaxial film in the VIZIO LEDs *increases rather than reduces* the surface area on which the epitaxial film is grown, <u>contrary</u> to the teaching and purpose of the '557 Patent and this element in particular. In the accused VIZIO products, the uppermost surface of the bubbles on the substrate does <u>not</u> provide a reduced growth area because the GaN epitaxial film (in dark gray with blue annotations added by Bluestone in the pictures below) thickly covers the entirety of the substrate, as shown in Bluestone's

966101

Amended Infringement Contentions:

**VIZIO E-241**                    **VIZIO E-320**

     

Koole Decl., Exh. E at 10; Koole Decl., Exh. F at 10.

**VIZIO M550SV**



Koole Decl., Exh. G at 10.

Bluestone's arguments simply ignore the requirement that the top surface of a "mesa" provide a reduced growth area, because Bluestone cannot and does not show that any VIZIO LED has such a reduced growth area (or a top surface for that matter).  Bluestone's Amended Infringement Contentions assert only literal infringement.  Koole Decl., Exh. C at 7:6-8.  "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law."  *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013).

**IV.   THE LED SUBSTRATE STRUCTURES IN THE ACCUSED VIZIO PRODUCTS DO NOT HAVE "SURFACES ORIENTED ALONG CRACK PLANES"**

The Court construed the phrase "the at least one mesa including surfaces oriented along crack planes" as "each such mesa includes at least **two surfaces** each **parallel** to some of the **crack**

966101

1   **planes**." Dkt. 205 at 15 (emphasis added). The Court also construed "crack planes" as "the m-

2   planes" of the GaN or AlGaN film. *Id.* at 13.

3       A.     **Bluestone Seeks to Relitigate this Court's Claim Construction By Removing the**

4                **Requirement that the Surfaces Be "Parallel" to Crack Planes**

5         The curved and sloped surfaces of the structures on the LED substrates in the accused VIZIO

6   products are not and cannot be parallel to the flat m-planes of GaN epitaxial film. In its moving

7   papers, VIZIO presented undisputed dictionary references that define the geometric term "parallel"

8   as equidistant at *all* points. *See, e.g.,* Koole Decl., Exh. H, Merriam-Webster, http://www.merriam-

9   webster.com/dictionary/parallel ("extending in the same direction, everywhere equidistant, and not

10  meeting"; "everywhere equally distant"); Koole Decl., Exh. I, Oxford Dictionaries,

11  http://www.oxforddictionaries.com/us/definition/american_english/parallel ("side by side and

12  having the same distance continuously between them"); Koole Decl., Exh. J, Cambridge Dictionary,

13  http://dictionary.cambridge.org/us/dictionary/american-english/parallel ("being the same distance

14  apart along all their length"). This basic geometric principle is indisputable.

15        Because Bluestone cannot show that the accused VIZIO products meet this claim limitation,

16  Bluestone concocts an entirely unsupported theory of "linear parallelism" of only a "portion" of a

17  surface to an m-plane based solely on attorney argument. However, Bluestone's new theory is

18  inapplicable to the parallel two-dimensional surfaces and planes claimed in the '557 Patent and

19  contradicts the language of the claims of the '557 Patent and the Court's construction. Under the

20  Court's Claim Construction Order, the claims of the '557 Patent require that "at least **two surfaces**

21  [of the mesa be] each **parallel** to some of the [**m-planes** of the GaN or AlGaN film]." Dkt. 205 at

22  13, 15. The claims of the '557 Patent do not discuss one line of the surface of a mesa being parallel

23  to one line of the m-planes of the GaN film. Instead, the specification of the '557 Patent clearly

24  denotes that the two-dimensional surfaces are parallel to the two-dimensional planes of the epitaxial

25  film:

26             "The side **surfaces** 12 of the mesas 10 are oriented **parallel** to the a-plane flat 22
           of the sapphire substrate 20 and, therefore, to the **(1010) planes, or m₁ planes 91,**

27             **of the GaN films**. The end **surfaces** 16 of the mesas 10 are oriented **parallel** to
           **either the (0110) planes, or m₂ planes 92, or the (1100) planes, or m₃ planes**

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

9

966101

**93, of the GaN films**.”  Koole Decl., Exh. B, '557 Patent at 4:43-48 (emphasis added)

“As explained, in FIG. 1, the side **surfaces** 12 of the mesas 10 on the sapphire substrate 20 are **parallel** to the **(1010) m-planes of GaN films** grown on the mesas 10.”  *Id.* at 4:64-67.

“For example, referring to FIGS. 1 and 4, reducing the length L of mesas 10 and 110 reduces the number of **m-planes of GaN and AlGaN films** that are **parallel** to the **end faces** 14 and 114 of the mesas 10 and 110 along their length L.”  *Id.* at 5:38-42.

Thus, the '557 Patent only discusses the concept of parallelism between two two-dimensional objects, never between a point or a line of either a surface of a mesa or an m-plane. The court in *Laser Diode Array, Inc. v. Paradigm Lasers, Inc.,* 114 F. Supp. 2d 167 (W.D.N.Y. 2000) reached the same conclusion:

LDAI's attempt to reduce this concept to geometric lines running through the respective surfaces distorts the fact that we are *not* in fact dealing with lines, *i.e.* with one-dimensional objects, but with two- and three-dimensional objects: planes and cylinders, or at least planar and cylindrical objects. **To focus on the fact that any given line running the length of the cylinder is parallel to any line running the length of the emission face, then, is to sidestep the real question, which is whether the cylinder itself can be considered parallel to the emission faces**.

*Id.* at 174 (emphasis added).

Because “parallel” means that objects are “equidistant at **all** points,” the *Laser Diode* court also rejected the same “linear parallelism” theory Bluestone proffers here:

The concept of parallelism implies that two parallel objects are everywhere equidistant. *See, e.g.,* Webster's Third New International Dictionary (Unabridged) (1981) at 1637 (defining “parallel” as, *inter alia,* “extending in the same direction and everywhere equidistant,” and “everywhere equally distant”). At different points on a curved surface, however, a neighboring flat surface will be different distances away, even if it runs in the same direction. Even if parallelism does not completely exclude all curved surfaces (*e.g.* arguably two concentric cylinders might be considered parallel to each other), I do not see how that concept can be applied to both a curved surface and a planar surface.

*Id.*

Bluestone has not presented ***any*** controverting evidence in response.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

966101

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

**B.**     **Bluestone Admitted That the Diagrams It Now Relies On Do Not Show the Actual Surfaces of the VIZIO LED Structures**

As described in VIZIO's moving papers and above, Bluestone admitted that it changed the shape of the LEDs in the original VIZIO products by "etching" them to generate the top view images Bluestone designated as Figure 2.  Koole Decl., Exh. E at 13 ("***The claimed 'surfaces' are the original outer surfaces of the mesas, prior to any etching that may have been performed to obtain the image shown in Figure 2***.") (emphasis added); Koole Decl., Exh. F at 13; Koole Decl., Exh. G at 13.  Bluestone ignores its own admission, and now presents these manipulated diagrams to the Court claiming that they show that a "discrete portion" of the surface of the accused LEDs is parallel, under Bluestone's incorrect definition, to an m-plane of the GaN epitaxial film.  Opp. at 7-9.  But nothing in the '557 Patent or the prosecution history supports Bluestone's "discrete portion" argument.  Instead, the specification of the '557 Patent explicitly states that the "surfaces" of the claimed mesas extend along the entire length or width of the mesa:

> "The mesas 10 are upstanding and include opposed side surfaces 12 extending along the length L of the mesas 10, opposed end surfaces 14 extending along with the width W of the mesas 10, and a top surface 16."  Koole Decl., Exh. B, '557 Patent at 4:26-31.

Bluestone provides no support that only a "discrete portion" of a surface can be parallel to an m-plane of the GaN epitaxial film to meet the limitations of the asserted claims.

Moreover, based on Bluestone's own admission, the shapes of the structures on the substrate shown on Figure 2 are <u>not</u> an accurate depiction of the VIZIO LEDs and should <u>not</u> be relied on for a view of the bubble shape of the VIZIO LED substrate structures.  The pictures that VIZIO provided in its moving papers, represented by Bluestone in its Amended Infringement Contentions as showing the <u>actual</u> shape of the structures on the LED substrates of the accused VIZIO products, are these:

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

**VIZIO E-241**          **VIZIO E-320**          **VIZIO M550SV**



Koole Decl., Exh. E at 12; Koole Decl., Exh. F at 12; Koole Decl., Exh. G at 12.

These bubble-shaped LEDs have curved and sloped sides that are not parallel to any m-plane.  Furthermore, even the more pyramid-like structures created by Bluestone's etching do not meet the limitations of the asserted claims, as Bluestone etched them to a point on top with no top surface at all, and the sides are still curved and sloped.  Because the m-planes are flat planes that run perpendicular to the substrate on which GaN is grown (according to Bluestone's annotations in Figure 2), "at least two surfaces" of the structures must also run perpendicular to the base of the substrate in order to be parallel to m-planes of the GaN film.  *See* Dkt. 205 at 11-15.  Because the structures on VIZIO's LED substrates are curved and sloped, no surfaces exist on the LED substrate structures in the accused VIZIO products that run perpendicular to the substrate.

Moreover, Bluestone's inadmissible attempt to show a "side surface" that is perpendicular to the substrate also fails.  The unauthenticated picture that Bluestone presented in its opposition is ***50 times*** smaller (1 micrometer vs. 20 nanometers) than the picture Bluestone submitted in its Amended Infringement Contentions:



966101

1   Opp. at 14 (citing Romano Decl., ¶ 9).

2   The small 20 nanometer side surface that Bluestone now claims is "perpendicular" to the substrate is

3   not actually vertical or perpendicular to the substrate – only the obscuring red line that Bluestone

4   arbitrarily laid over the curved side is perpendicular and vertical.  But this red line is not evidence,

5   and even if the infinitesimal portion of the curved and sloped surface were vertical (and it is not) it

6   would not meet the claim limitation requiring that the "surface" be parallel.

7           Moreover, the asserted claims of the '557 Patent require that more than one surface of a

8   mesa be parallel to some of the crack planes.  Dkt. 205 at 15 (construing "the at least one mesa

9   including surfaces oriented along crack planes" as "each such mesa includes **at least two surfaces**

10  **each parallel** to some of the crack planes") (emphasis added).  Even if such an infinitesimal portion

11  of the bubble-shaped structure were deemed to be a "side surface," and it clearly is not, Bluestone's

12  new theory presented in its Opposition still fails because it is only a single surface, not the "at least

13  two surfaces" parallel to the m-planes of the GaN film required by the claims.

14          Because the LED structures on the substrates in the accused VIZIO products do not have any

15  surfaces that are parallel to the m-planes of the GaN epitaxial film, as required by this Court's claim

16  construction, the accused VIZIO products do not infringe the asserted claims of the '557 Patent.

17  **V.      BLUESTONE'S ARBITRARY ANNOTATIONS TO THE BUBBLE STRUCTURES**

18  **ON THE LED SUBSTRATES IN THE ACCUSED VIZIO PRODUCTS DO NOT**

19  **CREATE A "TOP SURFACE" OR "SIDE SURFACES"**

20          None of the structures present on the substrates of the LEDs in the accused VIZIO products

21  are a "mesa," which this Court's construed as "an elevated formation with a top surface and side

22  surfaces."  Dkt. 205 at 6-7 (emphasis added).  As shown in VIZIO's moving papers, Bluestone's

23  Amended Infringement Contentions plainly show these structures to be bubble-shaped, with one

24  continuous surface, rather than surfaces divided into distinct top or side surfaces:

25

26

27

28

966101

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

| **VIZIO E-241** | **VIZIO E-320** | **VIZIO M550SV** |
|---|---|---|





Koole Decl., Exh. E at 12; Koole Decl., Exh. F at 12; Koole Decl., Exh. G at 12.

Bluestone argues that there is no requirement that a top surface and the side surfaces have *any* boundary or demarcation. Opp. at 14-15. This argument directly contradicts the District Court's guidance in its Claim Construction Order that the surfaces of the mesas claimed in the '557 Patent must be *bounded* by straight or non-straight lines:

> Moreover, the specification states: "[t]he mesas are typically polygonal shaped. For example, the mesas can be rhombohedral or rectangular shaped." '557 Patent at 2:26-27. This language implies that the mesas can be non-polygonal shaped. *See also id.* at 5:55 ("The mesas 10 and 110 can have various shapes."). A polygon is "a closed plane figure bounded by straight lines," for example a triangle, a rectangle, or a trapezoid. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 962 (11th ed. 2003). **Thus, the specification states that the surfaces of the mesas are typically bounded by straight lines, but also allows them to be bounded by non-straight lines, i.e., curved lines**. Because the specification recognizes that the surfaces of the mesas can be bounded by curved lines, the language in the specification does not require that mesas possess a flat top.

Dkt. 205 at 5:19-6:2 (emphasis added).

Bluestone argues that this portion of the Court's Claim Construction Order is irrelevant because the Court found that mesas can include non-polygonal shapes. Opp. at 15. But the Court specifically found that the '557 Patent's suggestion of <u>non</u>-polygonal surfaces meant that the surfaces could be <u>bounded</u> by non-straight lines, not that the surfaces could have no bounds. Dkt. 205 at 5:19-6:2.

Bluestone acknowledges this by contending that an arbitrary red box drawn by Bluestone identifies the boundaries of a "top surface," although this contention has no support in the bubble shape of the structures in the VIZIO's LEDs, which only reflects a continuous surface with no identifiable surfaces bounded by either straight or non-straight lines:

14

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

966101

1

2

3

4

5



6    Koole Decl., Exh. G at 8 (Bluestone's annotations in original).  The red box is not evidence, and

7    does not alter the obviously curved surface pictured above.  Recognizing this, Bluestone now

8    attempts to mislead the Court by presenting new, unauthenticated, unreliable pictures that Bluestone

9    claims show "a portion of" the "uppermost surface" of the bubble.  Opp. at 16.  But the picture of

10   the entire bubble above, from Bluestone's Amended Infringement Contentions, is based on the scale

11   of 1 micrometer.  Koole Decl., Exh. G at 8.  Bluestone's new picture, on the other hand, is based on

12   a "portion" of the bubble at a scale of 5 nanometers, or 0.005 micrometers, ***200 times smaller than***

13   ***the scale used in Bluestone's original picture of the bubble above***.  Opp. at 16.  At that incredibly

14   minute scale, there is no way to tell the shape of the object the "portion" is a part of, and

15   Bluestone's argument should be rejected for the same reason we know the earth is round—we can

16   see an image of <u>all</u> of it.

17        Bluestone's new and inadmissible picture of an infinitesimal portion of the VIZIO bubble-

18   shaped structures is simply another attempt to raise a question of fact and mislead the Court by

19   manufacturing "evidence" that contradicts the images in its own Amended Infringement

20   Contentions.  But absent a discernable boundary, or dividing line, identifying or separating top and

21   side surfaces, the bubble shapes of the structures on the VIZIO LED substrates are not the "mesas"

22   claimed in the '557 Patent, and the accused VIZIO products do not infringe any of the asserted

23   claims.

24   **VI.    <u>CONCLUSION</u>**

25        For all the foregoing reasons, VIZIO respectfully requests that this Court grant summary

26   judgment of noninfringement in favor of VIZIO on each asserted claim of U.S. Patent No.

27   6,163,557.

28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

VIZIO'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

966101

Dated:  November 7, 2014

Respectfully submitted,

By:   /s/ Adrian M. Pruetz

Adrian M. Pruetz
Mieke K. Malmberg
Charles C. Koole
GLASER WEIL FINK HOWARD
 AVCHEN & SHAPIRO LLP

Steven R. Hansen
LEE TRAN & LIANG LLP

*Attorneys for Defendant
VIZIO, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

966101

VIZIO'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

## <u>CERTIFICATE OF SERVICE</u>

I certify that all counsel of record in *Bluestone Innovations LLC* v. *LG Elecs., Inc., et al.*, Case No. 3:13-cv-01770-SI (N.D. Cal.) are being served on November 7, 2014 with a copy of this document via the Court's CM/ECF system at the email addresses below:

**Dean D. Niro**
Niro, Haller and Niro
dniro@nshn.com

**David J. Mahalek**
Niro, Haller & Niro
mahalek@nshn.com

**Robert A. Conley**
Niro, Haller and Niro
rconley@nshn.com

**Oliver D. Yang**
Niro, Haller and Niro
oyang@nshn.com

**Martin J. Fineman**
Davis Wright Tremaine LLP
martinfineman@dwt.com

/s/ Adrian M. Pruetz
Adrian M. Pruetz

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

17

VIZIO'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

966101